302 So.2d 712 (1974)
Curtis C. GREMILLION and Delphine Gremillion, Plaintiffs-Appellees,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellant.
No. 4727.
Court of Appeal of Louisiana, Third Circuit.
October 16, 1974.
Rehearing Denied November 20, 1974.
Writ Refused December 20, 1974.
Gist, Methvin & Trimble, by DeWitt T. Methvin, Jr., Alexandria, for defendant-appellant.
Gravel, Roy & Burnes, by Dan E. Melichar, Alexandria, for plaintiffs-appellees.
Before FRUGÉ, MILLER and WATSON, JJ.
*713 WATSON, Judge.
Plaintiffs herein, Curtis C. Gremillion and Delphine Gremillion, are husband and wife. They were riding on an uninsured motorcycle owned by Mrs. Gremillion's father when an accident occurred and Delphine Gremillion was injured. Curtis C. Gremillion is insured by defendant, State Farm Mutual Automobile Insurance Company, under two policies, one with $1,000 medical payments coverage, the other with $500 medical payments coverage, each furnishing $5,000 uninsured motorist coverage. Delphine Gremillion, asked damages of $10,000 and medical payments of $1,000, and Curtis Gremillion sought payment of penalties and attorney's fees for defendant's alleged arbitrary refusal to pay his wife. Defendant, State Farm, reconvened, asking judgment against Curtis C. Gremillion for any sums paid Delphine Gremillion under the uninsured motorist provisions of its policies.
Defendant filed a motion for summary judgment, admitting the issuance of two policies of automobile liability insurance to Curtis C. Gremillion but alleging that: (1.) motorcycles are not non-owned automobiles for purposes of liability and medical payments coverage under the policies; and (2.) even though a motorcycle is an uninsured automobile under the holding of Thibodeaux v. St. Paul Mercury Insurance Company, 242 So.2d 112 (La.App. 3 Cir. 1970); writ denied, 257 La. 622, 243 So.2d 533, the company is only obligated under the terms of its policy to pay the sums which Delphine Gremillion "shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile". (TR. 18) Defendant contends that, since Delphine Gremillion is not entitled to recover damages from her husband, the uninsured motorist provisions of its policies do not apply.
A peremptory exception was filed by third party defendant, Curtis C. Gremillion, alleging that State Farm is without a right or cause of action to file its reconventional demand because any rights State Farm might have against Curtis Gremillion would be those it obtained as subrogee of Delphine Gremillion. Since the doctrine of interspousal immunity prevents such an action by Delphine Gremillion, it was contended that her subrogee is also so limited.
On the issue of whether the medical payment provisions of State Farm's policies apply to Mrs. Gremillion while riding as a passenger on a non-owned uninsured motorcycle, the trial court decided that, since a non-owned motorcycle is not included in the definition of a non-owned automobile under a liability policy, it is not included in the identical definition in the medical benefits provision of such a policy. Thus, the court held that Mrs. Gremillion was not entitled to the medical benefits provisions of the policies, citing Labove v. Traders & General Insurance Company, 219 So.2d 614 (La.App. 3 Cir. 1969), writ refused 254 La. 22, 222 So.2d 69; and Guillory v. Deshotel, 251 So.2d 91 (La.App. 3 Cir. 1971), writ refused 259 La. 810, 253 So.2d 67. Summary judgment was granted defendant as to the medical benefits.
On the question of whether Delphine Gremillion is entitled to recover under the uninsured motorist coverage of State Farm's policies, the trial court held that an uninsured motorcycle is within the definition of an uninsured automobile under the wording of LSA-R.S. 22:1406(D) (1) which requires such coverage for "motor vehicles", citing Thibodeaux v. St. Paul Mercury Insurance Company, supra. As to State Farm's contention that Mrs. Gremillion cannot recover against State Farm because she could not recover against her husband, the trial court held that the plea of interspousal immunity or coverture is a personal defense between husband and wife and not available to the insurer in a direct action brought by the wife against the insurer, citing Le Blanc v. New Amsterdam Casualty Co., 202 La. 857, 13 So.2d 245 (1943); and Dowden v. Southern Farm Bureau Casualty Ins. Co., 158 So.2d 399 (La.App. 3 Cir. 1963). *714 Therefore, the trial court denied State Farm's motion for summary judgment on the uninsured motorist provisions of its policies.
As to State Farm's reconventional demand to recover from Mr. Gremillion any sums it might be cast to pay Mrs. Gremillion, the trial court sustained the peremptory exception, holding that State Farm has no greater rights than that of its subrogor, Delphine Gremillion, and Delphine Gremillion's right of action against her husband is barred by LSA-R.S. 9:291.[1]
There was a trial on the issue of whether plaintiff, Delphine Gremillion, assumed the risk of the accident or was contributorily negligent and, if not, the extent of her recovery under defendants' two policies.
The testimony was as follows:
Curtis C. Gremillion testified that the accident occurred as he drove out of the driveway toward a blacktopped street; took the turn too wide; realized the motorcycle was going to go into a 4-foot ditch on the side; reached for the hand brake on the handlebar and hit the throttle next to the brake instead, resulting in the motorcycle going into the ditch at a high rate of speed.
Mrs. Gremillion testified that her husband was traveling at a slow rate of speed until he reached for the brake on the handlebar; that there was then a burst of speed and a terrific jolt into the ditch. She was taken to the hospital in Lutcher where a general practitioner gave her a shot of demerol, took x-rays and diagnosed a vertebrae pressure fracture at T-12. She was told she needed to see an orthopedic surgeon and, since there were no orthopedics in Grammercy or Lutcher, she asked the doctor if she could return to her home in Alexandria. She was then driven to Alexandria where she saw Dr. Weiss in the emergency room of Rapides General Hospital; he confirmed the diagnosis of a pressure fracture at T-12. Mrs. Gremillion stated that she was still having discomfort in her back as of the time of trial, February 12, 1974.
Dr. John T. Weiss testified by deposition and was stipulated to be an expert in orthopedic medicine. He first saw Mrs. Gremillion at the Rapides General emergency room on October 1, 1972; he diagnosed a mild compression of the 12th thoracic vertebra and admitted her to the hospital. She was treated in the hospital with bed rest and pain medication and fitted with a jewett brace. She was released from the hospital on October 10, 1972, and saw Dr. Weiss again on October 18. On November 29, 1972, she had been working at her job as a legal secretary and was experiencing mild discomfort. On December 27, she was advised to gradually discontinue wearing of the brace. At that time, x-rays showed a 15 to 20% compression with minimal reactive bone formation and a well-healed fracture. On February 21, 1973, Mrs. Gremillion again saw Dr. Weiss. She had then been out of the brace completely for 2½ weeks and complained of discomfort on bending. Examination showed mild soreness on flexion of her back and mild tenderness on palpation around the T-12 level; x-rays showed a possible fusion of the T-12 and T-11 vertebrae and a stable well-healed fracture. She was advised to leave her brace off completely except for heavy activities. On September 28, 1973, Mrs. Gremillion saw Dr. Weiss and complained of stinging on her left scapular perivertebral border and some right finger tingling sensation. She also complained of occasional soreness in *715 the region of the fracture. X-rays showed a slight prominence of the spine at the fracture point; physical examination showed no evidence of nerve involvement relating to the accident. Dr. Weiss found Mrs. Gremillion asymptomatic at that time.
Defendant, State Farm, objected to the introduction of plaintiff's medical bills, contending that they were a community obligation, and the amount could not be recovered by Mrs. Gremillion in a suit based on Mr. Gremillion's negligence. Also, defendant, State Farm, contended that the trial court's summary judgment on the medical payments' provisions of the policies precluded consideration of these items of damages. The objection was sustained, and a proffer of proof was made of Mrs. Gremillion's physician's bill.
The trial court found that Mr. Gremillion was unquestionably negligent and that this negligence caused his wife's injury. Since Mr. Gremillion had been giving rides to the couple's children, aged 3 and 5, and an 8 year old niece, and had operated the motorcycle in a prudent and proper manner until the unexpected accident, the trial court found that there was no assumption of risk or contributory negligence by Mrs. Gremillion in riding on the motorcycle with her husband. There had been no prior conduct to put Mrs. Gremillion on notice of any danger. Judgment was rendered in favor of plaintiff, Delphine Gremillion, and against defendant, State Farm Insurance Company, in the sum of $4,000 general damages.
Defendant, State Farm, has appealed from the judgment of the trial court, contending, in essence, that the trial court erred in not interpreting the requirement of being "legally entitled to recover" to bar Mrs. Gremillion's action against her husband's insurer under the uninsured motorist coverage of his policies; and, in the alternative, in not giving State Farm a judgment on its reconventional demand against its insured, Mr. Gremillion, for the amount awarded Mrs. Gremillion.
Plaintiff, Delphine Gremillion, has answered the appeal asking for an additional award of $5,000 for her personal injuries.
We affirm.
I. INTERPRETATION OF "LEGALLY ENTITLED TO RECOVER"
The meaning of the phrase "legally entitled to recover" in connection with uninsured motorist coverage was considered in Booth v. Fireman's Fund Insurance Company, 253 La. 521, 218 So.2d 580 (1968). The Supreme Court stated that:
".... the insurer does not stand in the shoes of the uninsured motorist who is the tort feasor.
* * * * * *
"We interpret the words `legally entitled to recover' to mean simply that the plaintiff must be able to establish fault on the part of the uninsured motorist which gives rise to damages and prove the extent of those damages."
* * * * * *
"The obligation of the uninsured motorist is not the obligation of the insurer under its insurance contract, and the tort feasor's right to claim extinguishment of the tort obligation through a plea of prescription does not inure to the benefit of the insurer." 218 So.2d 583
The foregoing indicates that the phrase in question does not have the meaning attributed to it by defendant, State Farm. The innocent victim of an uninsured motorist is entitled to recover against the insurer even though the tort feasor might have a procedural defense, in the Booth case, supra, prescription.
In Deshotel v. Travelers Indemnity Company, 257 La. 567, 243 So.2d 259 (1971), the Louisiana Supreme Court again stated that the husband's defense of no right of action against suit by his wife is personal to the husband and not available to his insurer.
*716 The Booth case, supra, does state:
"This action cannot be compared to that arising under our direct action statute by which suit may be brought directly against the insurer (indemnifier) of the tort feasor without making the tort feasor a defendant." 218 So.2d 583
However, we do not believe that this language intended to preclude a suit by a wife who is injured through no fault of her own while riding on an uninsured vehicle. Such a holding would be contrary to the intention of the uninsured motorist statute, as stated by this court in Elledge v. Warren, 263 So.2d 912 (La.App. 3 Cir. 1972), writ refused 262 La. 1096, 266 So.2d 223.
II. STATE FARM'S RECONVENTIONAL DEMAND
A more difficult question is presented by the contention that State Farm is entitled to judgment against Mr. Gremillion, its insured, for the amount awarded Mrs. Gremillion. State Farm relies upon Smith v. Southern Farm Bureau Casualty Insurance Company, 247 La. 695, 174 So.2d 122 (1965), where the Louisiana Supreme Court held that the defendant insurance company could obtain contribution from the joint tort feasor husband of the plaintiff wife, the immunity from suit under LSA-R.S. 9:291 applying only to suits between spouses. This decision was followed in Walker v. Milton, 263 La. 555, 268 So.2d 654 (1972). Here, however, State Farm does not have a right to contribution from Mr. Gremillion as a solidary obligor but only a subrogation right obtained from its payment to Mrs. Gremillion. State Farm can have no greater right of action than that of its subrogor, Mrs. Gremillion, and her right of action is barred by interspousal immunity.
It is important to note that Mrs. Gremillion's claim against State Farm is a statutory right while State Farm's claim against Gremillion is a derivative right no greater than their subrogor's.
In Travelers Insurance Company v. Veal, 280 So.2d 285 (La.App. 3 Cir. 1973), this court held that the only right an insurer has to recover money paid pursuant to an uninsured motorist clause is by subrogation, rejecting the argument that the right is one of indemnification. Also, in Shirley v. Aetna Casualty & Surety Company, 256 So.2d 462 (La.App. 2 Cir. 1972), the court held that two uninsured motorist carriers were not solidary obligors or debtors and one was not entitled to contribution from the other but had only a right of conventional subrogation.
LSA-R.S. 22:1406(D)(4) states:
"In the event of payment to any person under the coverage required by this section and subject to the terms and conditions of such coverage, the insurer making such payment shall, to the extent thereof, be entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person against any person or organisation legally responsible for the bodily injury for which such payment is made, ...." (Emphasis ours)
The wording of this section indicates that the insurance company does not have an absolute right to recover. There can be payment by an insurance company without "any rights of recovery" or "any person or organization legally responsible". Here, State Farm has no right of recovery against its insured, Mr. Gremillion.
III. QUANTUM
We find no abuse of the much discretion accorded the trial court in the award of $4,000 to Mrs. Gremillion for the injury to her back. LSA-C.C. art. 1934.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs are assessed against defendant-appellant, State Farm Mutual Automobile Insurance Company.
Affirmed.
*717 MILLER, J., dissents and assigns written reasons.
MILLER, Judge (dissenting).
I respectfully submit that Mrs. Gremillion is not "legally entitled to recover" from her husband, the uninsured motorist. Therefore under the terms of the policy and LSA-R.S. 22:1406D, plaintiffs cannot recover.
Since State Farm cannot recover from Mr. Gremillion (under either subrogation or indemnification) because he is not "legally responsible" for his wife's injuries, then the wife is not "legally entitled to recover." We should not have dual standards of justice, one for the insured or injured party and another for insurance companies.
In finding that Mrs. Gremillion is "legally entitled to recover," the majority relies on Booth v. Fireman's Fund Insurance Company, 253 La. 521, 218 So.2d 580 (1968). In Booth, husband was driving his insured vehicle and his guest passenger wife was injured by an uninsured third party's negligence. This key distinction has not been noted by the majority. But Booth articulated this distinction at 218 So.2d 584, stating:
"Sharing no interest in common and having no contractual or other relationship with the tort feasor, the insurer cannot urge the defense of one year's prescription." (Emphasis added.)
In this case the uninsured motorist/tortfeasor is also the named insured in the policy. Gremillion was issued the policy in his name and pays the premiums on the policy. There is a contractual relationship between Gremillion and State Farm, which distinguishes Booth. Therefore State Farm can raise the personal defense of their insured tortfeasor.
I respectfully dissent.
NOTES
[1] LSA-R.S. 9:291

§ 291. Wife may not sue husband; exceptions
As long as the marriage continues and the spouses are not separated judicially a married woman may not sue her husband except for:
(1) A separation of property;
(2) The restitution and enjoyment of her paraphernal property;
(3) A separation from bed and board; or
(4) A divorce. Added Acts 1960, No. 318 § 2.
(4) A divorce. Added Acts 1960, No. 31, negligent and, if not, the extent of her recovery under defendants' two policies.