381 So.2d 1250 (1980)
Dolly Darlene Reppond RUSHING
v.
STATE of Louisiana, THROUGH LOUISIANA HEALTH AND HUMAN RESOURCES ADMINISTRATION, et al.
No. 12996.
Court of Appeal of Louisiana, First Circuit.
January 21, 1980.
Rehearing Denied March 31, 1980.
William Charles Bradley, Ronald W. Wall, Baker, for plaintiff-appellee Dolly Darlene Reppond Rushing.
*1251 Lawrence W. Bell, Gonzales, Cyrus S. Baldwin, Jr., Donald E. Puckett, Baton Rouge, for defendants-appellants Louisiana Health & Human Resources Adm., East Louisiana State Hospital.
Terry F. Hessick, E. Michael Harrison, Baton Rouge, for defendants-appellees Dr. Theus Newton Armistead and Paul Bennett.
Before ELLIS, CHIASSON and PONDER, JJ.
CHIASSON, Judge.
Appellant, State of Louisiana, through Louisiana Health and Human Resources Administration, seeks review of the trial court's judgment awarding $75,000 to appellee, Dolly Darlene Reppond Rushing, for the death of her husband, Robert J. Rushing.
On or around March 16, 1975, Robert Rushing, his brother and another companion set out to go frog hunting in a lake located in East Feliciana Parish and on the grounds of East Louisiana State Hospital. After arriving at this location, they put an aluminum bateau in the lake and commenced hunting. The frog grabber used was apparently a homemade device consisting of metal conduit with a frog holding apparatus on one end and was approximately 12 to 14 feet in length. After a frog had been pointed out to him, decedent stood up and raised the frog grabber which came into contact with an electric line located about 12 feet above the lake. Robert Rushing was electrocuted and died instantaneously.
Appellant was subsequently named in a wrongful death suit filed on behalf of Mrs. Rushing. After trial, judgment was rendered against the State in the sum of $75,000, plus interest and cost. It was the trial judge's opinion that the State's activity in maintaining a hot electric line 12 feet above a lake was unreasonable in view of the probability of harm to others. He went on to find that maintenance of such a line was a willful breach of a duty owed the deceased and accordingly found that La.R.S. 9:2791(A) did not release the State from liability.
Appellant contends that the trial judge erred in finding that La.R.S. 9:2791 did not release it from liability and, more specifically, in finding that the death of decedent was "deliberate and willful or malicious."
La.R.S. 9:2791(A) provides that:
"A. An owner, lessee, or occupant of premises owes no duty of care to keep such premises safe for entry or use by others for hunting, fishing, camping, hiking, sightseeing or boating or to give warning of any hazardous conditions, use of, structure or activities on such premises to persons entering for such purposes. If such an owner, lessee or occupant give permission to another to enter the premises for such recreational purposes he does not thereby extend any assurance that the premises are safe for such purposes or constitute the person to whom permission is granted one to whom a duty of care is owed, or assume responsibility for or incur liability for any injury to persons or property caused by any act of person to whom permission is granted."
In the present case, the State is owner of the premises which were entered upon by others for the purpose of hunting. Therefore, the trial judge properly held that the statute is applicable.
Section B of La.R.S. 9:2791 sets out instances when liability will not be excluded. It provides as follows:
"B. This Section does not exclude any liability which would otherwise exist for deliberate and willful or malicious injury to persons or property, nor does it create any liability where such liability does not now exist. Furthermore the provisions of this Section shall not apply when the premises are used principally for a commercial, recreational enterprise for profit; existing law governing such use is not changed by this Section." (Emphasis supplied).
Appellant argues that the death of Robert Rushing was not deliberate and willful or malicious and that it is therefore excluded from liability by the statute. We agree.
*1252 Since the statute applies, the liability of the State necessarily turns upon the definition of "deliberate and willful or malicious." When these terms are construed "in their most usual signification" as mandated by Civil Code Article 14, it is apparent that the maintaining of an electric line 12 feet above the water of this small pond does not constitute a deliberate and willful or malicious act designed to cause injury to persons or property.
Citing Louisiana cases, Black's Law Dictionary, Revised Fourth Edition, defines "deliberate" as follows:
"Well advised; carefully considered; not sudden or rash; circumspect; slow in determining. McClendon v. Louisiana Cent. Lumber Co., 17 La.App. 246, 135 So. 754, 756. Willful rather than merely intentional. Cole v. List & Weatherly Const. Co., La.App., 156 So. 88, 90. Formed, arrived at, or determined upon as a result of careful thought and weighing of considerations, as a deliberate judgment or plan; carried on coolly and steadily, especially according to a preconceived design; given to weighing facts and arguments with a view to a choice or decision; careful in considering the consequences of a step; slow in action; unhurried; characterized by reflection; dispassionate; not rash. People v. Thomas, 25 Cal.2d 880, 156 P.2d 7, 17, 18. The word carries with it an implication of some obstinacy, headstrongness, foolish daring, or intentional wrongdoing. Brown v. Kansas City Bridge Co., La.App., 191 So. 755, 757."
The Supreme Court case of Lee v. Smith, 248 La. 16, 176 So.2d 413 (1965) in the context of a workmen's compensation case further states that deliberate implies more than mere negligence or a voluntary and intentional failure to use guard or protection.
In addition to meeting the above definition of deliberate, the State's action must also be found to be willful since deliberate and willful are used in conjunction.
"Willful", as defined by Black's Law Dictionary, Revised Fourth Edition, in pertinent part is as follows:
"Proceeding from a conscious motion of the will; voluntary.
"Intending the result which actually comes to pass; designed; intentional; not accidental or involuntary.
"Conscious; knowing; done with stubborn purpose, but not with malice.
"Premeditated; malicious; done with evil intent, or with a bad motive or purpose, or with indifference to the natural consequences; unlawful; without legal justification." (Citations omitted).
One Supreme Court case addressing the meaning of willful states that there should be an inquiry into the existence of some premeditation and malice coupled with a reasonable expectation of bringing about a real injury to himself or another. Velotta v. Liberty Mutual Insurance Company, 241 La. 814, 132 So.2d 51 (1961).
Another Supreme Court case approvingly quotes the following from Corpus Juris, to wit: `. . . (W)illfulness cannot exist without purpose or design, and a willful injury will not be inferred when the result may be reasonably attributed to negligence or inattention.' State v. Vinzant, 200 La. 301, 7 So.2d 917 (1942).
Throughout these definitions runs the concept of conscious design. The action of the State may have been negligent by a reasonable man standard, but it is not purposeful and knowing conduct from which one can conclude that the owners of the premises had a conscious design to injure.
Only small boats were used in the pond which apparently had been used for frog hunting purposes or fishing by several persons for a considerable length of time without incident until this unfortunate accident. The State cannot reasonably be expected to foresee that anyone would use a frog grabber with a metal handle of the size involved herein. It cannot, therefore, be charged with maintaining the electric line with indifference to the natural consequences. Therefore, there was no deliberate and willful injury.
Next we must consider whether the injury was malicious. Malicious injury as *1253 defined by Black's Law Dictionary, Revised Fourth Edition, is an injury committed against a person at the prompting of malice or hatred toward him, or done spitefully or wantonly.
Again the concept of some conscious design arises. Since none existed in the present case, the judgment of the trial court is reversed and judgment is rendered herein in favor of the State of Louisiana, through Louisiana Health and Human Resources Administration, dismissing plaintiff-appellee's demands at her costs.
REVERSED AND RENDERED.