408 So.2d 436 (1981)
Jerald W. GRAY
v.
MARGOT INC., Robert H. Cane, Michael R. Gray, et al.
No. 14506.
Court of Appeal of Louisiana, First Circuit.
December 22, 1981.
L. D. Sledge and Robert E. Goodwin, Baton Rouge, for plaintiff-appellant, Jerald W. Gray.
W. Arthur Abercrombie, Jr., Baton Rouge, for defendant-appellee, Travelers Ins. Co.
Felix R. Weill, Baton Rouge, for defendant-appellee, Robert H. Cane.
Arthur H. Andrews, Baton Rouge, for defendant-appellee, Aetna Cas. & Sur.
Before CHIASSON, EDWARDS and LEAR, JJ.
EDWARDS, Judge.
This case raises the issue of whether a fellow employee, who is immune from suit by virtue of the Workmen's Compensation Statute, is an uninsured motorist within the meaning of the Louisiana Uninsured Motorist Statute.
Plaintiff, Jerald W. Gray, an employee of Ambulance Service Company of Baton Rouge, Inc., was riding as a medic in an ambulance driven by Michael R. Gray, a co-employee, when it was involved in a collision with another vehicle. At the time of the accident Jerald and Michael Gray were *437 acting within the course and scope of their employment.
Jerald Gray filed suit against a number of defendants, seeking to recover damages for injuries which he sustained in the accident. Among the named defendants was the Travelers Insurance Co., plaintiff's uninsured motorist carrier. Plaintiff's petition alleged that Michael Gray was an uninsured motorist and that Travelers was bound to pay all sums for which the uninsured motorist was liable.
Travelers filed a motion for summary judgment, contending that the uninsured motorist provision of plaintiff's insurance policy was not operative because plaintiff was not "legally entitled to recover damages" from Michael Gray. The trial court granted Travelers' motion for summary judgment and dismissed plaintiff's suit against Travelers on the basis that the Workmen's Compensation Law prohibited plaintiff from recovering damages from Michael Gray, his co-employee. Therefore, the trial court held that Michael Gray was not an uninsured motorist under plaintiff's policy since plaintiff was not legally entitled to recover damages from Michael Gray, as required by the Uninsured Motorist Statute and the insurance policy.
Plaintiff appeals. We affirm.
LSA-R.S. 22:1406 D, the Uninsured Motorist Statute, provides in pertinent part, as follows:
"D. The following provisions shall govern the issuance of uninsured motorist coverage in this state.
(1)(a) No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, under provisions filed with and approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom; provided, however, that the coverage required under this Subsection shall not be applicable where any insured named in the policy shall reject in writing the coverage or selects lower limits." (Emphasis added.)
Plaintiff's insurance policy with Travelers provides, in pertinent part, as follows:
"The company will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured highway vehicle because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured highway vehicle...." (Emphasis added.)
Thus, in order for Jerald Gray to recover under the uninsured motorist provision of the policy, he must be "legally entitled to recover" damages from Michael Gray.
LSA-R.S. 23:1032 provides that the immunity from tort liability afforded an employer applies as well to the fellow employees of an injured worker:
"The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease."
This provision means that Jerald Gray is not legally entitled to recover damages from Michael Gray, his co-employee. Thus, Jerald Gray is not entitled to recover under the uninsured motorist provisions of his insurance policy with Travelers.
Appellant asserts that the workmen's compensation tort immunity enjoyed by a *438 fellow employee is a procedural defense which may not be asserted by an insurer. He relies on the decision in Gremillion v. State Farm Automobile Insurance Co., 302 So.2d 712 (La.App. 3 Cir. 1974). In Gremillion a wife brought suit against her husband's uninsured motorist carrier. The insurer asserted that it was not liable because the husband was legally immune to suit by his wife. The court denied the insurer's defense, stating that the "innocent victim of an uninsured motorist is entitled to recover against the insurer even though the tortfeasor might have a procedural defense...."
Interspousal immunity, considered in Gremillion, is easily distinguishable from fellow employee tort immunity. Interspousal immunity is a personal defense which merely cuts off a right of action. Deshotel v. Travelers Indemnity Company, 257 La. 567, 243 So.2d 259 (1971). Conversely, the tort immunity provided under Louisiana's workmen's compensation scheme denies the plaintiff a cause of action. Colorado v. Johnson Iron Works, 146 La. 68, 83 So. 381 (1919); Tobin v. Jacobson, 369 So.2d 1161 (La.App. 1st Cir. 1979). Unlike interspousal immunity, the defense of no liability in tort by virtue of the exclusive remedy of LSA-R.S. 23:1032 is not personal to an employer and may be invoked by his insurer. Green v. Liberty Mutual Insurance Co., 352 So.2d 366 (La.App. 4th Cir. 1977.)
In the recent case of Carlisle v. State, Department of Transportation and Development, 400 So.2d 284 (La.App. 3rd Cir. 1981), the Third Circuit Court of Appeal considered the identical issue raised here. In that case, the plaintiff, Carlisle, had been injured in an automobile collision while riding with a fellow employee, Beeson. Both were acting within the course and scope of their employment at the time of the accident. With regard to Carlisle's claim against his own uninsured motorist carrier, the court held:
"This same reasoning applies to Carlisle's claim against his uninsured motorist carriers, U.S.F. & G. and Hartford. Uninsured motorist coverage is contingent upon there being liability by an uninsured or underinsured motorist. Since Carlisle has no cause of action in tort against Mrs. Beeson, no liability by Mrs. Beeson could arise. Thus, no cause of action exists against Carlisle's uninsured or underinsured motorist carriers, U.S.F. & G. and Hartford."
We agree with the holding of the Third Circuit in Carlisle. An uninsured motorist carrier is liable only for the damages which an insured is "legally entitled to recover" from owners or operators of uninsured motor vehicles. The Workmen's Compensation Statute provides that a fellow employee is immune from suit by another employee when he sustains an injury which is compensable by Workmen's Compensation benefits. Thus, an employee injured while working within the course and scope of his employment is not "legally entitled" to collect damages from a fellow employee and, therefore, may not recover from his uninsured motorist insurer.
For the foregoing reasons, the judgment of the trial court, granting defendant's motion for summary judgment and dismissing plaintiff's suit, is affirmed. Costs of this appeal are assessed against plaintiff-appellant, Jerald W. Gray.
AFFIRMED.