CURRAULT, Judge.
Plaintiff, William David Boyd, was injured on February 9, 1980, by the alleged negligent acts of his fellow employee, Shelby Wright. Plaintiff was injured while attempting to disembark from a pickup truck driven by Shelby Wright and owned by Matthews-McCracken-Rutland Corporation. Both Boyd and Wright were employed by Matthews-McCracken-Rutland Corporation and both were engaged in the course and scope of their employment when Boyd sustained his injuries. Plaintiff brought suit on January 29,1981, against Shelby Wright, Matthews-McCracken-Rutland Corporation and State Farm Mutual Automobile Insurance Company, seeking damages for his personal injuries. State Farm was sued in its capacity as plaintiff’s own uninsured motorist insurer, claiming that neither Wright nor Matthews-McCracken-Rutland Corporation were insured. Subsequently, by supplemental and amending petition, plaintiff brought suit against Aetna Casualty and Surety Company as liability insurer of Matthews-McCracken-Rutland Corporation.
Defendants Wright, Matthews-McCracken-Rutland Corporation and State Farm moved for summary judgments, all of which were granted by Honorable Edward A. Dufresne, Jr., Twenty-Ninth Judicial District Court for the Parish of St. Charles, by judgment dated and signed October 28, 1981. From that judgment, plaintiff has appealed.
On appeal, plaintiff-appellant asserts the trial court erred in granting defendants’ summary judgments by finding that the exclusive remedy provisions of the Louisiana Workmen’s Compensation Act could be invoked by State Farm to insulate it from affording plaintiff coverage under the provisions of its uninsured motorist policy.
The single issue raised before this court is whether a fellow employee, who is immune from suit by virtue of the Workmen’s Compensation Statute, is an uninsured motorist within the meaning of the Louisiana Uninsured Motorist Statute.
LSA-R.S. 22:1406(D), the Uninsured Motorist Statute, provides in pertinent part as follows:
D. The following provisions shall govern the issuance of uninsured motorist coverage in this state.
(l)(a) No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, under provisions filed with and approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom; provided, *531 however, that the coverage required under this Subsection shall not be applicable where any insured named in the policy shall reject in writing the coverage or selects lower limits. (Emphasis added)
Plaintiff-appellant’s uninsured policy with State Farm provides in pertinent part as follows:
To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called “bodily injury,” sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile.... (Emphasis added)
Consequently, in order for plaintiff-appellant to recover under his uninsured motorist policy, he must be “legally entitled to recover” damages from defendant Shelby Wright.
Under LSA-R.S. 23:1032, Workmen’s Compensation Statute, fellow employees of an injured worker are immune from tort liability:
The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease.
Correct connotation of this provision is that plaintiff-appellant is not legally entitled to recover damages from Shelby Wright, his co-employee. Without any legal basis entitling recovery of damages, then plaintiff-appellant is not entitled to recover under the uninsured motorist provisions of his insurance policy with State Farm.
In the recent case of Gray v. Margot, Inc., 408 So.2d 436 (La.App. 1st Cir.1981), the identical issue was raised. In that case, the plaintiff, Jerald Gray, had been injured in a vehicular accident while riding with his co-employee, Michael Gray. Both were acting within the course and scope of their employment at the time of the incident. Jerald Gray filed suit against numerous defendants seeking to recover damages for injuries he sustained in the accident. Among the named defendants were Michael Gray, a co-employee who was driving, and Travelers Insurance Company, Jerald Gray’s uninsured motorist carrier.
Travelers was dismissed by the trial court pursuant to a motion for summary judgment. In affirming the trial court, the First Circuit concluded:
An uninsured motorist carrier is liable only for the damages which an insured is “legally entitled to recover” from owners or operators of uninsured motor vehicles. The Workmen’s Compensation Statute provides that a fellow employee is immune from suit by another employee when he sustains an injury which is com-pensable by Workmen’s Compensation benefits. Thus, an employee injured while working within the course and scope of his employment is not “legally entitled” to collect damages from a fellow employee and, therefore, may not recover from his uninsured motorist insurer.
We agree.
For the foregoing reasons, the judgment of the trial court, granting defendants’ motions for summary judgment and dismissing plaintiff’s suit against Shelby Wright, Matthews-McCracken-Rutland Corporation and State Farm Insurance Company is affirmed.
AFFIRMED.