Jack Brent McCAIN

v.

COMMERCIAL UNION INSURANCE CO., Hackberry Recreation District.

Civ. A. No. 81–1873.

United States District Court,
W.D. Louisiana,
Lake Charles Division.

Feb. 7, 1983.

See also, 5th Cir., 719 F.2d 1271.

Frank T. Salter, Jr., Steven W. Hale, Salter, Streete & Hale, Lake Charles, La., for plaintiff.

Frank M. Brame, Brame, Bergstedt & Brame, Lake Charles, La., for defendants.

## RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

VERON, District Judge.

The defendants, Hackberry Recreation District (The District), and its insurer, Commercial Union Insurance Company (Commercial), have filed a motion for summary judgment in this matter. The suit concerns the appropriate compensation for injuries sustained by the plaintiff, Jack Brent McCain, while diving from the high diving board at a swimming pool run by the District.

As authority in support of their motion, the defendants rely on LSA–R.S. 9:2795 (The Act). The Act is entitled "An act to provide for the limitation of tortious liability of landowners where property is made available to the public for recreational purposes," and reads in pertinent part as follows:

B. Except for willful or malicious failure to warn against a dangerous condition, use, structure, or activity, an owner of land, except an owner of commercial recreational developments or facilities, who permits with or without charge any person to use his land for recreational purposes as herein defined does not thereby:

(1) Extend any assurance that the premises are safe for any purposes.

(2) Constitute such person the legal status of an invitee or licensee to whom a duty of care is owed.

(3) Incur liability for any injury to person or property incurred by such person.

The Act also contains the following definitional provisions:

A. As used in this Section:

(1) 'Land' means land, roads, water, watercourses, private ways and buildings, structures, and machinery or equipment when attached to the realty.

(2) 'Owner' means the possessor of a fee interest, a tenant, lessee, occupant or person in control of the premises.

(3) 'Recreational purposes' includes, but is not limited to, any of the following, or any combination thereof: hunting, fishing, trapping, swimming, boating, camping, picnicking, hiking, horseback riding, bicycle riding, motorized vehicle operation for recreation purposes, nature study, water skiing, ice skating, sledding, snowmobiling, snow skiing, summer and winter sports, and viewing or enjoying historical, archaeological, scenic, or scientific sites.

(4) 'Charge' means the admission price or fee asked in return for permission to use lands.

(5) 'Person' means individuals regardless of age.

 In determining whether the Act is applicable to the facts of this case, the court makes the following preliminary observations. First, a swimming pool, as a structure, falls within the Act's definition of "land." Second, the District had undisputed control over the pool area and therefore can be considered the "owner" of the premises. And third, swimming is one of the recreational purposes specifically enumerated by the legislature as falling within the scope of the Act.

Given these factual findings, the only two remaining issues to be addressed are whether there was a "willful or malicious failure to warn" on the part of the District, and whether the pool was a "commercial recreational development" within the intendment of the Act. As to the meaning of "willful or malicious," the court in *Rushing v. State*, 381 So.2d 1250 (La.App. 1st Cir. 1980) defined willful as follows:

Proceeding from a conscious motion of the will; voluntary.

Intending the result which actually comes to pass; designed; intentional; not accidental or involuntary.

Conscious; knowing; done with stubborn purpose, but not with malice.

Premeditated; malicious; done with evil intent, or with a bad motive or purpose, or with indifference to the natural consequences; unlawful; without legal justification. (Citations omitted). *Id.*, at 1252.

The court went on to define an injury caused by malicious failure to warn as:

[A]n injury committed against a person at the prompting of malice or hatred toward him, or done spitefully or wantonly.

Again the concept of some conscious design arises. *Id.*, at 1253.

■ It is clear that the injury in question was not the result of willful or malicious failure to warn of a dangerous condition. The District Director has held his current position since 1968, and in the past 15 years, has received no complaints about the high dive, with the exception of the plaintiff's. Given this lack of knowledge regarding the condition in question, it cannot be said that the injury resulted from a willful or malicious failure to warn.

■ As to whether or not the pool is a commercial recreational development, this court is convinced that the pool does not meet the standards necessary to be so classified. As the Act indicates, the mere fact that some admission price is charged will not necessarily render a facility a commercial recreational development. In *Pratt v. State*, 408 So.2d 336 (La.App. 3rd Cir.1981), the court adopted a test of a facility's "commercial" nature based on whether the facility was run primarily for profit. In this case, the District did not run the pool with the intention of generating a profit. In fact, an admission fee of only 25 cents to 50 cents was charged for use of the pool. The court is satisfied that these nominal charges do not indicate a managerial philosophy oriented towards profit maximization.

■ Notwithstanding the above observations regarding the applicability of the Act, the plaintiff argues that the limitation of liability provided by the Act is a purely personal defense of the District, and therefore, is not available to the insurer, Commercial. Plaintiff likens the protection afforded by the Act to the doctrine of interspousal immunity, whereunder a person may not sue his or her spouse, but may sue the spouse's insurer. That doctrine however, merely limits the right of action. *Gray v. Margot*, 408 So.2d 436, 438 (La. App. 1st Cir.1981). By contrast, the Act, like the Louisiana Workmen's Compensation laws, eliminates the plaintiff's cause of action. *Gray, supra.* "Our jurisprudence has recognized the validity of legislative regulation of causes of action, including replacement and even abolition, that one person may have against another for personal injuries." *Tobin v. Jacobson*, 369 So.2d 1161, 1163 (La.App. 1st Cir.1979). Section (B) of the Act plainly indicates that the plaintiff's cause of action has been eliminated. Therefore, Commercial may avail itself of the Act's defense.

In conclusion, the court finds that all elements of LSA–R.S. 9:2795 have been satisfied by the defendants. Accordingly, section (B)(3) of the Act dictates the result this court must reach. No liability is incurred by the defendants as a result of the plaintiff's accident. Therefore, the motion for summary judgment is hereby granted.