502 So.2d 566 (1987)
Richard RATCLIFF
v.
TOWN OF MANDEVILLE.
No. 86-C-1517.
Supreme Court of Louisiana.
February 23, 1987.
Maurice LeGardeur, Jr., Christine O'Brien Lozes, Covington, for applicant.
Iddo Pittman, Hammond, for respondent.
DIXON, Chief Justice.
The plaintiff, Richard Ratcliff, slipped and injured himself while walking on a boat dock after returning from an all night recreational shrimping outing. Since the dock was both owned by and located within the Town of Mandeville, plaintiff sued the Town of Mandeville for his injuries. The trial court granted the town's motion for summary judgment based on the immunity provided to those who open up their property for recreational use under R.S. 9:2791 and 9:2795.[1] The court of appeal affirmed. Ratcliff v. Town of Mandeville, 491 So.2d 436 (La.App. 1st Cir.1986). We reverse, finding the Town of Mandeville is not immune from liability under the facts of this case.
*567 This court has described two factors to consider when determining whether the immunity provided by R.S. 9:2791 and 9:2795 is applicable to a given set of facts. First, the property where the injury occurred must be an undeveloped, nonresidential rural or semi-rural land area. Second, the injury itself must be the result of recreation that can be pursued in the "true outdoors." Keelen v. State of Louisiana, Department of Culture, Recreation and Tourism, 463 So.2d 1287, 1290 (La.1985).
The present case is factually similar to Landry v. Board of Levee Commissioners of the Orleans Levee District, 477 So.2d 672 (La.1985) where this court held that the levee board and the State of Louisiana were not immune from liability under R.S. 9:2791 and 9:2795 when a recreational crab fisherman was injured because of a hole in the ground beside the Lake Pontchartrain seawall on the New Orleans lakefront. This court held that the statute was not intended to protect the owner of "a recreational area within a populated city, adjacent to a much travelled Lakeshore Drive, and within a stone's throw of an exclusive residential area ..." Landry v. Board of Levee Commissioners, supra at 675.
The boat dock in this case is also located in a recreational area within a populated city, adjacent to a frequently travelled Lakeshore Drive and within a stone's throw of a residential area. We follow our reasoning in Keelan and Landry and therefore reverse the summary judgment.
There is now judgment in favor of plaintiff Richard Ratcliff and against the Town of Mandeville denying the motion for summary judgment, at defendant's cost. The case is remanded to the district court.
NOTES
[1] "A. An owner, lessee, or occupant of premises owes no duty of care to keep such premises safe for entry or use by others for hunting, fishing, camping, hiking, sightseeing or boating or to give warning of any hazardous conditions, use of, structure or activities on such premises to persons entering for such purposes. If such an owner, lessee or occupant give permission to another to enter the premises for such recreational purposes he does not thereby extend any assurance that the premises are safe for such purposes or constitute the person to whom permission is granted one to whom a duty of care is owed, or assume responsibility for or incur liability for any injury to persons or property caused by any act of person to whom permission is granted.

B. This Section does not exclude any liability which would otherwise exist for deliberate and willful or malicious injury to persons or property, nor does it create any liability where such liability does not now exist. Furthermore the provisions of this Section shall not apply when the premises are used principally for a commercial, recreational enterprise for profit; existing law governing such use is not changed by this Section.
C. The word `premises' as used in this Section includes lands, roads, waters, water courses, private ways and buildings, structures, machinery or equipment thereon." R.S. 9:2791.
"A. As used in this Section:
(1) `Land' means land, roads, water, watercourses, private ways and buildings, structures, and machinery or equipment when attached to the realty.
(2) `Owner' means the possessor of a fee interest, a tenant, lessee, occupant or person in control of the premises.
(3) `Recreational purposes' includes, but is not limited to, any of the following, or any combination thereof: hunting, fishing, trapping, swimming, boating, camping, picnicking, hiking, horseback riding, bicycle riding, motorized vehicle operation for recreation purposes, nature study, water skiing, ice skating, sledding, snow mobiling, snow skiing, summer and winter sports, and viewing or enjoying historical, archaeological, scenic, or scientific sites.
(4) `Charge' means the admission price or fee asked in return for permission to use lands.
(5) `Person' means individuals regardless of age.
B. Except for willful or malicious failure to warn against a dangerous condition, use, structure, or activity, an owner of land, except an owner of commercial recreational developments or facilities, who permits with or without charge any person to use his land for recreational purposes as herein defined does not thereby:
(1) Extend any assurance that the premises are safe for any purposes.
(2) Constitute such person the legal status of an invitee or licensee to whom a duty of care is owed.
(3) Incur liability for any injury to person or property incurred by such person.
C. Unless otherwise agreed in writing, the provisions of Subsection B shall be deemed applicable to the duties and liability of an owner of land leased for recreational purposes to the federal government or any state or political subdivision thereof or private persons.
D. Nothing in this Section shall be construed to relieve any person using the land of another for recreational purposes from any obligation which he may have in the absence of this Act to exercise care in his use of such land and in his activities thereon, or from the legal consequences of failure to employ such care." R.S. 9:2795.
R.S. 9:2795 was amended by Acts 1986, Nos. 967 and 976. However, these amendments do not affect this decision.