SAVOIE, Judge.
This is a tort suit. Plaintiff, Carl Monte-ville, filed a petition naming as defendants, Terrebonne Parish Consolidated Government and its liability insurer, Great Plains Insurance Company. Defendant, Terre-bonne Parish Consolidated Government, filed a motion for summary judgment which was granted by the trial court. Plaintiff appeals the judgment.
Plaintiff alleges he sustained personal injury and damage to his trailer while launching a boat at the Cocodrie boat launch which is operated by the Terrebonne Parish Consolidated Government. Plaintiff backed his boat trailer down the ramp at the launch and apparently the trailer became caught in a hole on the underwater portion of the ramp. As the trailer was pulled out of the hole, it was damaged and, as a result, the sudden jerk of the truck caused by its release from the hole allegedly injured the plaintiff.
The defendant’s motion for summary judgment was granted on the basis of the applicability of the recreational immunity statutes, LSA-R.S. 9:2791 and 9:2795.
LSA-R.S. 9:2791 provides:
A. An owner, lessee, or occupant of premises owes no duty of care to keep such premises safe for entry or use by others for hunting, fishing, camping, hiking, sightseeing or boating or to give warning of any hazardous conditions, use of, structure or activities on such premises to persons entering for such purposes. If such an owner, lessee or occupant give permission to another to enter the premises for such recreational purposes he does not thereby extend any assurance that the premises are safe for such purposes or constitute the person to whom *693 permission is granted one to whom a duty of care is owed, or assume responsibility for or incur liability for any injury to persons or property caused by any act of person to whom permission is granted.
B. This Section does not exclude any liability which would otherwise exist for deliberate and willful or malicious injury to persons or property, nor does it create any liability where such liability does not now exist. Furthermore the provisions of this Section shall not apply when the premises are used principally for a commercial, recreational enterprise for profit; existing law governing such use is hot changed by this Section.
C. The word ‘premises’ as used in this Section includes lands, roads, waters, water courses, private ways and buildings, structures, machinery or equipment thereon. Acts 1964, No. 248, §§ 1-3. LSA-R.S. 9:2795 provides in pertinent
part:
A. As used in this Section:
(1) ‘Land’ means land, roads, water, watercourses, private ways and buildings, structures, and machinery or equipment when attached to the realty.
[[Image here]]
(3) ‘Recreational purposes’ includes, but is not limited to, any of the following, or any combination thereof: hunting, fishing, trapping, swimming, boating, camping, picnicking, hiking, horseback riding, bicycle riding, motorized vehicle operation for recreation purposes, nature study, water skiing, ice skating, sledding, snow mobiling, snow skiing, summer and winter sports, and viewing or enjoying historical, archaeological, scenic, or scientific sites.
B. (1) Except for willful or malicious failure to warn against a dangerous condition, use, structure, or activity, an owner of land, except an owner of commercial recreational developments or facilities, who permits with or without charge any person to use his land for recreational purposes as herein defined does not thereby;
(a)Extend any assurance that the premises are safe for any purposes.
(b) Constitute such person the legal status of an invitee or licensee to whom a duty of care is owed.
(c) Incur liability for any injury to person or property incurred by such person.
On appeal plaintiff asserts the following assignments of error:
1. The trial cohrt erred in granting summary judgment.
2. The trial court erred in finding Louisiana Revised Statutes 9:2791 and 9:2795, applicable to this matter.
3. The trial court erred in finding that the accident in question did not fall into the exception to the immunity statutes for willful or malicious failure to warn.
We elect to treat the assignments in the following order.
ASSIGNMENT OF ERROR NO. 2
Defendant submitted a lease and an affidavit to support its contention that the property in question was not used principally for a “commercial, recreational enterprise for profit.” The lease, by which The Terrebonne Parish Consolidated Government acquired the land for the launch, specifies the property is to be used solely for a non-profit public boat launch. The affidavit, by the Chief Administrative Officer for the Terrebonne Parish Consolidated Government, states that the launch has been used solely as a non-profit public boat launch and no fee is or has been charged for its use. We find plaintiff’s unsupported allegation that the launch may be used by commercial fishermen so insubstantial as to present no genuine issue of material fact as to this element of the statutes. City of Baton Rouge v. Cannon, 376 So.2d 994 (La.App. 1st Cir.1979).
The supreme court in Keelen v. State Department of Culture, Recreation and Tourism, 463 So.2d 1287 (La.1985), set forth the two further requirements which must be met in order for the statutes limiting liability to be applied. First, the locale must be categorized as an undeveloped, non-residential rural or semi-rural area. Second, the injury causing condition or instrumentality must be of the type normally encountered in the true outdoors.
*694 As to the locale requirement, defendant submitted a plat of the Cocodrie Boat Landing which shows the landing and its immediate surroundings. The surroundings consist of only a fisherman’s landing store and a few isolated camps, along with a radio tower and two bayous. The plat also shows that it is approximately twenty-two miles to the corporate limits of the nearest city, Houma. We hold this landing, in its specific location, is the type of rural or semi-rural area envisioned by the statute. We also find Ratcliff v. Town of Mandeville, 502 So.2d 566 (La.1987) distinguishable on the basis of the facts involved in the locale requirement. There, the recreational area was within a populated city, adjacent to a frequently travelled Lakeshore Drive and within a stone’s throw of a residential area. The court found this was not the type of property contemplated in the immunity statute. The present land is clearly much more rural and isolated than that in Ratcliff, supra.
The second Keelen requirement, the instrumentality test, was discussed previously in Ratcliff v. Town of Mandeville, 491 So.2d 436, 438 (La.App. 1st Cir.1986), reversed on other grounds, 502 So.2d 566 (La.1987).
[W]e note that the term ‘premises’ as defined in LSA-R.S. 9:2791 and 2795 includes buildings, structures, machinery or equipment thereon. Clearly a boat dock or launch would come under the definition of a structure. Additionally, it is obvious that the purpose of such a structure is to provide ingress and egress for vessels to the many waterways found within the state. By making water areas more available for public recreational purposes, these docks and launches fall within the stated purpose of the statutes, and their construction and maintenance should be encouraged. Furthermore, absent such structures, access and availability to water areas would be greatly diminished, for in order for boaters to reach and enjoy water areas, a proper launching facility is required. For these reasons we find that a boat dock or launch is a structure that one would generally expect to encounter in the true outdoors and falls under the purview of the statutes.
For these reasons, we find this assignment of error has no merit.
ASSIGNMENT OF ERROR NO. 3
Plaintiff, in support of this assignment of error, argues that the defendant did not present any evidence in regard to the exception to the immunity statutes for willful or malicious failure to warn against a dangerous condition, use, structure, or activity. Plaintiff also submits a deposition, taken after the summary judgment was granted, to show the Terrebonne Parish Consolidated Government had knowledge that a dangerous condition existed at the landing pri- or to his accident. Plaintiff contends this knowledge coupled with inaction on the part of the Terrebonne Parish Consolidated Government, constitutes willful or malicious failure to warn.
Neither plaintiff’s nor defendant’s pleadings or argument presented at the motion for summary judgment address the issue of willful or malicious failure to warn. The mere possibility that plaintiff could have raised the factual issue of willful or malicious failure to warn, but did not do so, does not defeat a summary judgment. Efferson v. Link Belt Corporation, 476 So.2d 528 (La.App. 1st Cir.1985).
The deposition relied on by plaintiff to show willful or malicious failure to warn was introduced at a motion for new trial, after the ruling granting the summary judgment. The denial of the motion for new trial was not appealed. A summary judgment must be examined as of the time it was rendered and a deposition taken after judgment was rendered will not be considered on appeal. Morgan v. Allstate Insurance Company, 393 So.2d 324 (La. App. 1st Cir.1980).
For these reasons, this assignment of error has no merit.
ASSIGNMENT OF ERROR NO. 1
We find this assignment has no merit for the reasons discussed in the previous assignments.
*695 Both plaintiff and defendant have briefed the issue of whether the recreational immunity statutes provide immunity to the insurers of landowners and lessees. However, this issue was not ruled on by the trial court and the Terrebonne Parish Consolidated Government’s insurer was not a party to the summary judgment. As this issue is not properly before us, we refrain from treating it.
Accordingly, for the above and foregoing reasons, the judgment of the trial court granting the motion for summary judgment is hereby affirmed. Costs of this appeal are to be borne by plaintiff.
AFFIRMED.