TAYLOR, Judge.
This is a suit for damages for personal injuries tried before a jury in the lower court. The jury rendered a verdict in favor of the plaintiff in the amount of $5,000.00 and the trial court rendered a judgment in accordance with the verdict. From this adverse judgment, defendant prosecutes an appeal to this court. Plaintiff has answered this appeal and prays that the award be increased.
On July 11, 1965, plaintiff’s son, Jody Tooraen, then fourteen years of age, sustained severe burns and other minor injuries when he came in contact with an uninsulated power line on defendant’s Al-monaster substation. Jody Tooraen admitted that he gained access to the substation by climbing over the chain link fence which surrounded the property. This fence was a total of seven feet in height with three strands of barbed wire on the top and had signs at forty foot intervals all the way around which read “Danger High Voltage”. As may be seen from the following testimony, Jody Tooraen admitted to having *314 seen at least one such sign prior to entering the substation and to having understood the warning the sign conveyed:
“Q. Did you see any signs prior to climbing the fence ?
“A. Yes, sir.
“Q. What did that sign say ?
“A. ‘Danger high voltage.’
“Q. Do you know what the word danger means ?
“A. Yes, sir.
“O. What does it mean ?
“A. Means you’re taking a risk.
“Q. Did you know that at that time?
“A. I think I did, yes, sir.”
Once having gained entry to the property, Jody Tooraen climbed a structure which defendant maintained on the premises in connection with its operations, utilizing staggered eye bolts on this structure as a ladder. He climbed to a height of approximately twenty feet until he reached a platform. It is not clear from this point exactly what transpired. However Jody Too-raen somehow came in contact with an uninsulated power line strung seventeen feet six inches above the ground and situated five feet from the structure on which he was standing, thereby sustaining his injuries.
Defendant lists two specifications of error for our consideration. First, it is argued that the trial court committed error in not giving certain special charges as requested to the jury. Second, defendant argues that the jury committed manifest error in returning a verdict for plaintiff when the evidence showed no negligence on defendant’s part and gross negligence on Jody Tooraen’s part.
There is no necessity for our passing on defendant’s first specification of error. After a careful reading of the record we are convinced that the jury committed manifest error in returning a verdict favorable to plaintiff and that the judgment of the lower court must be reversed.
Jody Tooraen was a trespasser to defendant’s property. He entered the property without the permission of defendant and without a legal right to do so. As a trespasser the only duty which defendant owed him was the negative duty to refrain from willfully or wantonly injuring him. Barrilleaux v. Noble Drilling Corporation, 160 So.2d 319 (La.App.1964). Defendant did not violate this duty.
Plaintiff apparently concedes that Jody Tooraen was a trespasser to the property but argues that the substation was an attractive nuisance and that therefore' recovery should be allowed. We find the case of McDonald v. Shreveport Rys. Co., 174 La. 1023, 142 So. 252 (1932) most apposite to the present case. In the McDonald case, a seven year old child entered a substation where electricity was delivered by Southwestern Gas & Electric Company to its co-defendant, Shreveport Railways Company, which Shreveport Railways Company needed in the operation of its city street cars. The child was killed when he came in contact with a high tension wire on the premises. The substation was surrounded by a seven foot fence and was posted with signs warning of the presence of high voltage electricity on the property. In this case the court held that the substation was not an attractive nuisance. We are of the same opinion in the case at bar.
There have been no instances in which any child of tender years has gained access to defendant’s property and defendant had no reason to believe that a child could gain such access because of the protective fence. Furthermore, Jody Tooraen was not a child of immature or tender years as is necessary before the doctrine of attractive nuisance may be invoked in his behalf. He was fourteen years of age on the date of the accident and was fully aware of the danger to which he was sub *315 jecting himself when he entered the property.
We find the sole proximate cause of Jody Tooraen’s injury was his deliberate trespass onto property which he knew was hazardous for the purpose of “looking around”. Accordingly, the judgment of the lower court is reversed and plaintiff’s suit is hereby dismissed at plaintiff’s cost. Costs of this proceeding are to be borne by plaintiff-appellee.
Reversed.