554 So.2d 846 (1989)
George SINGLETARY, et al.[1]
v.
CROWN ZELLERBACH, et al.
No. 88 CA 1781.
Court of Appeal of Louisiana, First Circuit.
December 19, 1989.
Stuart H. Smith, Charles B. Colvin, Metairie, for plaintiffs-appellants.
Richard F. Knight, Bogalusa, for defendant-appellee, Crown Zellerbach.
Donald O. Collons, Vivian L. Madison, New Orleans, for defendant-appellee, Yamaha Motor Corp., U.S.A. and Yamaha Motor Co., Ltd.
Before COVINGTON, C.J., and WATKINS and SHORTESS, JJ.
WATKINS, Judge.
Plaintiffs appeal a summary judgment rendered in favor of defendant, Crown Zellerbach, dismissing their suit against Crown Zellerbach for damages incurred as a result of personal injuries sustained in an *847 accident involving a three-wheel, all-terrain vehicle on property leased by defendant.
On or about May 16, 1986, plaintiffs, Brad Singletary and Richard Migilore, went camping with several friends on a large tract of property leased by Crown Zellerbach for commercial timber operations. During the early morning hours of May 17, the group decided to drive their three-wheel vehicles to a nearby reservoir and to go swimming. While driving a three-wheel vehicle down a private dirt road on the property, the plaintiffs sustained serious injuries when they struck a gate which had been placed across the road.
Plaintiffs filed suit against the defendant Crown Zellerbach (lessee of the property), Massy Hill Hunting Club (sub-lessee of the property), Scottsdale Insurance Company (liability insurer for Massy Hill Hunting Club), Yamaha Motor Company, Ltd. (manufacturer of the three-wheeler), and Yamaha Motor Corporation U.S.A. (manufacturer/distributor of the three-wheeler). Defendant, Crown Zellerbach, filed a motion for summary judgment,[2] asserting immunity from liability based upon the recreational land use immunity of LSA-R.S. 9:2791 and LSA-R.S. 9:2795. The trial court found Crown Zellerbach to be immune from liability under both the commercial and non-commercial recreational land use statutes, (LSA-R.S. 9:2791 and LSA-R.S. 9:2795), rendering judgment accordingly. On appeal plaintiffs allege trial court error in applying either recreational land use statute to the facts of the present case. We affirm.
Since it is undisputed that the property upon which the accident occurred is not used primarily for commercial recreational purposes, we will confine our review to the applicability of LSA-R.S. 9:2791, which reads as follows:
§ 2791. Liability of owner or occupant of property not used primarily for commercial recreational purposes
A. An owner, lessee, or occupant of premises owes no duty of care to keep such premises safe for entry or use by others for hunting, fishing, camping, hiking, sightseeing or boating or to give warning of any hazardous conditions, use of, structure or activities on such premises to persons entering for such purposes. If such an owner, lessee or occupant give permission to another to enter the premises for such recreational purposes he does not thereby extend any assurance that the premises are safe for such purposes or constitute the person to whom permission is granted one to whom a duty of care is owed, or assume responsibility for or incur liability for any injury to persons or property caused by any act of person to whom permission is granted.
B. This Section does not exclude any liability which would otherwise exist for deliberate and willful or malicious injury to persons or property, nor does it create any liability where such liability does not now exist. Furthermore the provisions of this Section shall not apply when the premises are used principally for a commercial, recreational enterprise for profit; existing law governing such use is not changed by this Section.
C. The word "premises" as used in this Section includes lands, roads, waters, water courses, private ways and buildings, structures, machinery or equipment thereon. Acts 1964, No. 248, §§ 1-3.
The Louisiana Supreme Court has developed the following three-part test for determining whether the statutory immunity described by the above statute applies to a given situation. First, the land upon which the injury occurs must be undeveloped, nonresidential, and rural or semi-rural. Second, the injury itself must be the result of recreation that can be pursued in the "true outdoors." Third, the injury-causing instrumentality must be of the type normally encountered in the "true outdoors" and not of the type usually found in *848 someone's back yard. Ratcliff v. Town of Mandeville, 502 So.2d 566 (La.1987); Keelen v. State, Department of Culture, Recreation and Tourism, 463 So.2d 1287 (La.1985).
It is not disputed by the plaintiffs that the area where the accident occurred is undeveloped, non-residential, rural or semi-rural land as contemplated by LSA-R.S. 9:2791. Neither do the plaintiffs contend that there was any willful or malicious failure by the defendants to warn of the presence of the gate across the road.
Instead, the plaintiffs argue: 1) that the activity of riding three-wheelers is not a recreational activity covered by LSA-R.S. 9:2791; 2) that the gate is not the type of injury-causing instrumentality contemplated by the statute as being commonly found in the "true outdoors."
The statute cannot apply, the plaintiffs contend, because three-wheeler riding is not an enumerated recreational activity in LSA-R.S. 9:2791, and the court should not look to the enumerated activities in the companion statute LSA-R.S. 9:2795 to fill the void.[3] We do not agree. Although three-wheeler riding does not appear in the list of enumerated activities in LSA-R.S. 9:2791, it is certainly the type of recreation which can be pursued in the "true outdoors." Furthermore, in Keelen v. State, 463 So.2d 1287, the Supreme Court concluded that because LSA-R.S. 9:2791 and LSA-R.S. 9:2795 relate to the same subject matter they should be read in pari materia.[4] In so doing, we conclude that the specifically enumerated activity of "motorized vehicle operation for recreation purposes," which is enumerated in LSA-R.S. 9:2795, is equally applicable to LSA-R.S. 9:2791. We therefore find that under the facts of the instant case the activity of riding three-wheelers on the property in question during a camping trip is a recreational activity within the scope of LSA-R.S. 9:2791.
The final prong of the Supreme Court's test for determining whether statutory immunity applies requires a determination of whether the gate across the dirt road is an instrumentality which is commonly found in the "true outdoors" and not of the type commonly found in someone's back yard. This analysis does not require a literal approach, for there are many things which can be commonly found in someone's back yard as well as in the true outdoors. Rather, it is the totality of circumstances which must be considered, including the characteristics of the property and the use of the instrumentality in connection with the property. We must also consider that the purpose of the recreational land use statutes is to encourage landowners to make land and water areas available to the public for recreational purposes. This purpose would certainly be defeated by limiting a landowner's immunity for improvements to his property. We therefore find that the gate in the instant case, which was being used in its ordinary sense and was not, in and of itself, a dangerous instrumentality, is within the meaning of LSA-R.S. 9:2791, providing immunity to Crown Zellerbach.
It is without question that gates are commonly found on rural property. Furthermore, the statute specifically provides that a lessee has no duty to warn those who enter the property for recreational purposes of structures on the premises. CF. Broussard v. Dept. of Transportation & Development, 539 So.2d 824 (La.App. 3d Cir.1989), (immunity for concrete boat launch adjacent to canal); Adams v. State, 525 So.2d 55 (La.App. 3d Cir.1988), (immunity for homemade diving board attached to tree adjacent to canal); Keelen, 463 *849 So.2d 1287, (no immunity for swimming pool); Adams v. Hartford Acc. & Indem. Co., 525 So.2d 1211 (La.App. 1st Cir.1988), (no immunity for chainlink fence around ballpark); Eschete v. Mecom, 509 So.2d 840 (La.App. 1st Cir.), writ denied, 513 So.2d 821 (La.1987), (no immunity for submerged oil well cribbing in rural canal).
For the reasons cited above, the trial court's granting of summary judgment in favor of Crown Zellerbach is affirmed. Costs to be paid by appellants.
AFFIRMED.
NOTES
[1] The original plaintiffs in this suit were George and Brenda Singletary and Hazel Pendleton; however, Brad Singletary and Richard Migilore reached the age of majority during the pendency of this suit and were added as additional plaintiffs.
[2] A motion for summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law. LSA-C. C.P. art. 966.
[3] LSA-R.S. 9:2795A.(3) provides:

"Recreational purposes" includes, but is not limited to, any of the following, or any combination thereof: hunting, fishing, trapping, swimming, boating, camping, picnicking, hiking, horseback riding, bicycle riding, motorized vehicle operation for recreation purposes, nature study, water skiing, ice skating, sledding, snow mobiling, snow skiing, summer and winter sports, and viewing or enjoying historical, archaeological, scenic, or scientific sites.
[4] The relation between LSA-R.S. 9:2791 and LSA-R.S. 9:2795 is further explained in Peterson v. Western World Ins. Co., 536 So.2d 639 (La. App. 1st Cir.1988), writ denied, 541 So.2d 858 (La.1989).