768 So.2d 605 (2000)
Wilson NAQUIN and Gladys Naquin, Individually, and Wilson Naquin as Administrator of the Estate of His Minor Children, Wilson Naquin, Jr., Peter Naquin and Chad Naquin
v.
LOUISIANA POWER & LIGHT COMPANY.
No. 98 CA 2270.
Court of Appeal of Louisiana, First Circuit.
March 31, 2000.
Writ Denied September 15, 2000.
*606 Stephen M. LaRussa, Connie L. Johnson, Houma, for Plaintiffs-Appellants Wilson Naquin and Gladys Naquin, et al.
Bruce R. Hoefer, Jr., Robert T. Lorio, New Orleans, for Defendant-Appellee Louisiana Land & Exploration Company.
Before: FOIL, WHIPPLE, and GUIDRY, JJ.
GUIDRY, J.
Appellants, Wilson Naquin and Gladys Naquin, individually, and Wilson Naquin, as administrator of the estate of his minor children, Wilson Naquin, Jr., Peter Naquin and Chad Naquin, appeal the trial court's grant of summary judgment in favor of appellee, Louisiana Land and Exploration Company. For the following reasons, we reverse and remand.

FACTS AND PROCEDURAL HISTORY
On or about January 18, 1992, Mr. Naquin was traveling in his boat during the pre-dawn morning hours near Bayou Jean Lacroix over property owned by appellee. According to Mr. Naquin, he injured his back after striking a very low-hanging power line crossing his path, but not visible to him in the pre-dawn light.
Appellants filed a petition for damages on January 15, 1993, naming appellee and Louisiana Power & Light Company (LP & L) as defendants. LP & L answered the petition on March 18, 1993. Appellee answered the petition on April 6, 1995.[1] In its answer, appellee excepted to the suit on the basis that appellants have no cause of action against appellee, and appellee asserted several affirmative defenses, including immunity pursuant to the Recreational Use Statutes, La. R.S. 9:2791 and La. R.S. 9:2795.
On October 29, 1997, appellee filed a motion for summary judgment, asserting that, pursuant to the Recreational Use Statutes, it is immune from suit. Appellants opposed the motion, averring that the statute does not apply. A hearing on the motion was held on February 13, 1998, and the trial court took the matter under advisement. A judgment erroneously dismissing the suit in favor of LP & L was rendered on April 30, 1998. However, on May 1, 1998, an amended judgment was rendered in favor of appellee and against appellants, dismissing the suit as to appellee with prejudice.
Appellants filed a motion for new trial on May 11, 1998, and on June 22, 1998, the motion was denied. This appeal followed. However, after the appeal was lodged, this court noticed that the judgment was not final. On May 3, 1999, this court issued a rule to show cause why the appeal should not be dismissed as not having been taken from a final judgment. Thereafter, on *607 May 14, 1999, the trial court rendered a supplemental judgment designating the grant of summary judgment in favor of appellee as final after determining that there was no just reason for delay. On October 18, 1999, this court recalled the rule to show cause and maintained the appeal. Accordingly, this appeal is properly before us.

ASSIGNMENT OF ERROR
On appeal, appellants assert that the trial court erred in granting appellee's motion for summary judgment on the grounds that the Recreational Use Statutes grant appellee immunity in this case.

DISCUSSION

Summary JudgmentStandard of Review
On appeal, summary judgments are reviewed de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. J. Ray McDermott, Inc. v. Morrison, 96-2337, p. 9 (La.App. 1st Cir.11/7/97), 705 So.2d 195, 202, writs denied, 97-3055, XX-XXXX-XX (La.2/13/98), 709 So.2d 753, 754. An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover-appellant is entitled to judgment as a matter of law. Smith v. Our Lady of the Lake Hospital, Inc., 93-2512, p. 26 (La.7/5/94), 639 So.2d 730, 750.
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. The motion should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. Rambo v. Walker, 96-2538, p. 4 (La.App. 1st Cir.11/7/97), 704 So.2d 30, 32. The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966(A)(2).
The burden of proof is on the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense. Thereafter, if the adverse party fails to provide factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966(C)(2).

La. R.S. 9:2791 and La. R.S. 9:2795
When determining whether a landowner is immune from liability pursuant to La. R.S. 9:2791[2] and/or La. R.S. 9:2795,[3] this court applies the following *608 three-part test developed by the Louisiana Supreme Court in Keelen v. State, Department of Culture, Recreation and Tourism, 463 So.2d 1287, 1290 (La.1985), and Ratcliff v. Town of Mandeville, 502 So.2d 566, 567 (La.1987). See, e.g., Deumite v. State, 94-1210, pp. 7-8 (La.App. 1st Cir.2/14/97), 692 So.2d 1127, 1133, writ denied, 97-1409 (La.9/26/97), 701 So.2d 984, reconsideration denied, 97-1409 (La.11/7/97), 703 So.2d 1257; Singletary v. Crown Zellerbach, 554 So.2d 846, 847-48 (La.App. 1st Cir.1989).
First, the land upon which the injury occurs must be undeveloped, nonresidential, and rural or semi-rural. Second, the injury itself must be the result of recreation that can be pursued in the "true outdoors." Third, the injury-causing instrumentality must be of the type normally encountered in the "true outdoors" and not of the type usually found in someone's back yard.
Singletary, 554 So.2d at 847-48.
Appellants contend that appellee is not entitled to immunity because 1) the property is not an undeveloped, nonresidential rural or semi-rural land area; 2) the instrumentality, i.e., the low-hanging power line, was not of the type normally encountered in the "true outdoors" and was of the type usually found in someone's backyard; and 3) there is a genuine issue of material fact as to whether the waterway at issue is a navigable water body to which the Recreational Use Statutes do not apply. Because we conclude, as discussed below, that there are unresolved material issues of fact, we reverse the grant of summary judgment in favor of appellee. Specifically, there are genuine disputes as to whether the area is undeveloped and rural or semi-rural and whether the waterway is navigable.
In support of its motion for summary judgment, appellee offered the affidavit of Jefferson D. DeBlieux, IV, a registered land surveyor employed by appellee. According to Mr. DeBlieux, the accident occurred "inside an approximate 37 square mile tract of property owned by [appellee] near and around Pointe Au Chien, Louisiana. This property consists of open, undeveloped marshland." Mr. DeBlieux attested that there are only a handful of small fishing camps located in the area and that there are no residential or other developed areas around this marshland location. Aerial photographs and maps are attached to Mr. DeBlieux's affidavit to support appellee's argument that the area is remote and undeveloped.
However, appellants offered the affidavit of Charles L. McDonald, a self-employed registered professional land surveyor, in opposition to the motion. According to Mr. McDonald, the area is a developed campsite with several camp developments designed and constructed to benefit the presence of people and people populate the area. Thus, there is a question of whether the first element that must be demonstrated under the Recreational Use Statutes is present in this case.
Appellants also assert that there is a question of whether the waterway is navigable. In opposition to the motion, appellants submitted the affidavit of Mr. *609 McDonald, who is personally familiar with the site of the accident and has visited and inspected the area. Mr. McDonald attested that the waterway "is a navigable waterway in that it affords access to and from the Cutoff Canal and is capable of and does allow boat traffic[.]"[4] Appellee, however, argues that the waterway is nonnavigable. Thus, the factual issue of navigability makes this case inappropriate for summary judgment.

CONCLUSION
For the foregoing reasons, the grant of summary judgment in favor of appellee, Louisiana Land and Exploration Company, is reversed. This matter is remanded to the trial court for further proceedings consistent with this opinion. All costs of this appeal are assessed to appellee.
REVERSED AND REMANDED.
NOTES
[1] Although named as a defendant in the original petition, appellee was not served with the petition until 1995.
[2] La. R.S. 9:2791(A) provides:

A. An owner, lessee, or occupant of premises owes no duty of care to keep such premises safe for entry or use by others for hunting, fishing, camping, hiking, sightseeing or boating or to give warning of any hazardous conditions, use of, structure or activities on such premises to persons entering for such purposes. If such an owner, lessee or occupant give permission to another to enter the premises for such recreational purposes he does not thereby extend any assurance that the premises are safe for such purposes or constitute the person to whom permission is granted one to whom a duty of care is owed, or assume responsibility for or incur liability for any injury to persons or property caused by any act of person to whom permission is granted.
[3] La. R.S. 9:2795(B) provides:

B. (1) Except for willful or malicious failure to warn against a dangerous condition, use, structure, or activity, an owner of land, except an owner of commercial recreational developments or facilities, who permits with or without charge any person to use his land for recreational purposes as herein defined does not thereby:
(a) Extend any assurance that the premises are safe for any purposes.
(b) Constitute such person the legal status of an invitee or licensee to whom a duty of care is owed.
(c) Incur liability for any injury to person or property caused by any defect in the land regardless of whether naturally occurring or manmade.
(2) The provisions of this Subsection shall apply to owners of commercial recreational developments or facilities for injury to persons or property arising out of the commercial recreational activity permitted at the recreational development or facility that occurs on land which does not comprise the commercial recreational development or facility and over which the owner has no control when the recreational activity commences, occurs, or terminates on the commercial recreational development or facility.
[4] An injury which occurs on a navigable waterway is not subject to a defense under La. R.S. 9:2791 and 9:2795. Buras v. United Gas Pipeline Company, 598 So.2d 397, 400 (La. App. 4th Cir.), writ denied, 605 So.2d 1147 (La.1992). Navigability is a question of fact. Arkla Exploration Company v. Delacroix Corporation, 94-0664, 94-0665, p. 5 (La.App. 4th Cir.1/19/95), 650 So.2d 777, 780, writs denied, 95-0938, 95-0980 (La.6/2/95), 654 So.2d 1106, 1107. Navigability must be proved; it cannot be presumed. Shell Oil Company v. Pitman, 476 So.2d 1031, 1035 (La.App. 3rd Cir.1985). In Louisiana, waterways are navigable in law when they are used or susceptible of being used in their natural and ordinary condition as highways for commerce, over which trade and travel are or may be conducted in the customary modes of trade and travel on the water. Ramsey River Road Property Owners Association, Inc. v. Reeves, 396 So.2d 873, 876 (La.1981). Simply stated, a water course is navigable when by its depth, width and location it is rendered available for commerce. Shell Oil Company, 476 So.2d at 1036.