# STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

* * * * * * *

## 2022 CA 0574

## STATE OF LOUISIANA, DIVISION OF ADMINISTRATION, OFFICE OF COMMUNITY DEVELOPMENT – DISASTER RECOVERY UNIT

## VERSUS

## MICHELLE STEWART AND RAYMOND ALCINDOR A/K/A RAYMOND MARC STEWART

JUDGMENT RENDERED: **DEC 1 5 2022**

* * * * * * *

Appealed from The Twenty-Second Judicial District Court
Parish of St. Tammany • State of Louisiana
Docket Number 2020-10220 • Division H

The Honorable Alan A. Zaunbrecher, Presiding Judge

* * * * * * *

| | |
|---|---|
| Christopher H. Szeto<br>Ian G. Dunbar<br>New Orleans, Louisiana | COUNSEL FOR APPELLANTS<br>DEFENDANTS—Michelle Alcindor,<br>a/k/a Michelle Stewart, and<br>Raymond Alcindor a/k/a Raymond<br>Marc Stewart |
| Mary Catherine Cali<br>John C. Walsh<br>Caroline M. Tomeny<br>William J. Wilson<br>John C. Conine, Jr.<br>Drew D. Lyons<br>Hunter N. Farrar<br>Baton Rouge, Louisiana | COUNSEL FOR APPELLEE<br>PLAINTIFF—State of Louisiana,<br>Division of Administration, Office of<br>Community Development-Disaster<br>Recovery Unit |

* * * * * * *

BEFORE: WELCH, PENZATO, AND LANIER, JJ.

**WELCH, J.**

In this matter involving an elevation grant awarded under the Road Home Program for Hurricanes Katrina and Rita victims, the State of Louisiana, through the Division of Administration, Office of Community Development - Disaster Recovery Unit, filed suit against the homeowners for an alleged breach of an Elevation Incentive Agreement, under which the homeowners allegedly received funds to elevate their home to protect against flood damage. The trial court granted a motion for summary judgment filed by the State. The homeowners appealed, arguing the trial court failed to rule on their peremptory exceptions prior to granting summary judgment in favor of the State. For the following reasons, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

The defendants—Michelle Alcindor (a/k/a Michelle Stewart) and Raymond Alcindor (a/k/a Raymond Marc Stewart)—are the owners of property located at 7650 Rochon Drive, New Orleans, Louisiana, 70128. Following mass devastation caused by Hurricane Katrina on August 29, 2005, the Alcindors' home was damaged, but not destroyed.

In the wake of Hurricanes Katrina and Rita, the State instituted the Road Home Program—a federally funded program administered by the State to provide financial assistance to affected homeowners. The Road Home Program offered two types of grants: compensation grants and elevation grants. On November 20, 2008, the Alcindors signed a "Declaration of Covenants Running with the Land Hurricane Katrina / Hurricane Rita" and a "Grant Agreement," which awarded the Alcindors a $9,024.81 compensation grant to rebuild and reoccupy their home.

The second type of grant—an elevation grant—was offered as an incentive for homeowners in flood-prone areas to elevate their homes to a level that met or exceeded the Advisory Base Flood Elevation established by the Federal Emergency Management Agency ("FEMA"). The terms of the elevation grant were set forth in

an Elevation Incentive Agreement form. The Alcindors signed a document titled "Elevation Incentive Agreement - For Use with Prior Road Home Grant" on December 31, 2008, agreeing to elevate their home within three years to a level at or above the Advisory Base Flood Elevation established by FEMA. The Alcindors allegedly received elevation grant funds in the amount of $30,000.00.

Eleven years later, on January 15, 2020, the State filed suit against the Alcindors for breach of contract. The essence of the State's suit is that the Elevation Incentive Agreement required the Alcindors to elevate their home within three years of signing and that the Alcindors breached the agreement by failing to comply with its terms. The State sought judgment against the Alcindors in the full sum of $30,000.00 in elevation grant funds, with legal interest from the date of judicial demand until paid, together with reasonable attorney fees and for all costs of the proceedings.

After the Alcindors filed an answer,[1] the State filed a motion for summary judgment, arguing there were no genuine issues of material fact that the Alcindors failed to demonstrate they complied with the terms of the Elevation Incentive Agreement by showing the elevation of their home for which the funds were awarded, nor had the Alcindors repaid the $30,000.00 elevation grant or made any arrangements for repayment.

The Alcindors filed an opposition to the State's motion for summary judgment on July 28, 2021, arguing that while they did apply for and sign an agreement to receive a compensation grant, they did not recall signing an Elevation Incentive Agreement, nor did they ever receive a $30,000.00 elevation grant. The Alcindors contended that the elevation of their home had never been established. The Alcindors also argued that there were genuine issues of material fact as to whether the State's

---

[1] It appears that at the time the Alcindors filed their answer on February 4, 2020, they did not have legal representation.

claim had prescribed under La. C.C. art. 3499;[2] was preempted by La. R.S. 9:2772;[3] and was barred by *res judicata* via a compromise.[4] The Alcindors also raised the affirmative defenses of negligent misrepresentation and detrimental reliance. Finally, the Alcindors objected to the affidavit of the Chief Operating Officer of the Office of Community Development-Disaster Recovery Unit, Jeff Haley, and the documents attached thereto (OCD-DRU-1 to 19) that the State submitted in support of its motion.

In a reply memorandum to the Alcindors' opposition to its motion for summary judgment, the State objected to any document referenced by the Alcindors that was not an affidavit or certified or attached to an affidavit. The State also objected to portions of the affidavits of the Alcindors.

---

[2] A personal action, such as a claim for a breach of contract, is a personal action subject to a liberative prescription of ten years. See La. C.C. art. 3499; **CWI Holdings, LLC v. Robertson Dev., L.L.C.**, 2021-0569 (La. App. 1st Cir. 12/22/21), 340 So.3d 47, 49 n.1. The Alcindors signed the Elevation Incentive Agreement on December 31, 2008, and had three years from that date to elevate their home to a level at or above the Advisory Base Flood Elevation established by FEMA. The Alcindors argue, however, that a breach could have occurred at the time they signed the agreement if the elevation of their home already met or exceeded the Advisory Base Flood Elevation established by FEMA. The Alcindors contend that there is no survey or elevation certificate establishing the actual elevation of their home at any time—not at the time they signed the Elevation Incentive Agreement, nor any time thereafter. Thus, they argue there are genuine issues of material fact as to whether the State's claim is prescribed by the ten-year prescriptive period set forth in La. C.C. art. 3499.

[3] Louisiana Revised Statutes 9:2772 provides a five-year peremptive period for actions involving deficiencies in surveying, design, supervision, or construction of immovables or improvements thereon against any person performing or furnishing land surveying services. The Alcindors allege that there are several cases pending before the Louisiana Fifth Circuit Court of Appeal as to whether La. R.S. 9:2772's five-year peremptive period for actions against land surveyors applies to the State's breach of contract claims against homeowners who accepted elevation funds under the Road Home Program. We note that the Fourth Circuit Court of Appeal has already decided this issue, holding that La. R.S. 9:2772's five-year peremptive period does not apply to these types of claims. See **State v. Porter**, 2022-0250 (La. App. 4th Cir. 9/7/22), ___ So.3d ___, 2022 WL 4091995.

[4] The Alcindors argue that they accepted a compromise offered by the State in an October 14, 2016 letter, which stated, in pertinent part:

> 2. If Grant Recipient…used the RHEI funds to *finish the repairs to the home:*
> a. Provide proof of payment documentation (i.e. contracts, receipts, canceled checks, or bank statements) on all of the repair or reconstruction work done on the home… .

The Alcindors argued they accepted the State's compromise and used the elevation grant funds to repair their home. Thus, there is a genuine issue of material fact as to whether the State's claim is barred by *res judicata* via a compromise.

4

On August 11, 2021—the day before the motion for summary judgment hearing—the Alcindors filed a peremptory exception raising the objections of prescription pursuant to La. C.C. art. 1564; peremption by La. R.S. 9:2772; and no cause of action. The Alcindors argued that the grants awarded to homeowners under the Road Home Program were gratuitous donations from a disaster relief agency; thus, under La. C.C. art. 1564's five-year prescriptive period for an action to dissolve a donation for failure to fulfill the condition or perform the charges, the State's claim is prescribed. The Alcindors further argued that La. R.S. 9:2772's five-year peremptive period for actions on improvements to immovable property applied to the State's breach of contract claims against homeowners who accepted elevation funds under the Road Home Program. Finally, the Alcindors argued that the State's petition failed to allege sufficient facts to establish the Alcindors failed to elevate their home or provide proof of elevation of their home. The State did not allege facts or attach any survey or elevation certification to its petition establishing the actual elevation of the Alcindors' home at any time—not at the time the Elevation Incentive Agreement was signed, nor any time thereafter.

At the August 12, 2021 hearing, the trial court ruled on the objected to evidence.[5] The trial court overruled the Alcindors' objection to the affidavit of Jeff Haley, and the documents attached thereto, that the State submitted in support of its motion. The trial court sustained the State's objections to the Alcindors' exhibits that were not attached to an affidavit. The trial court then noted that it was not considering the Alcindors' peremptory exceptions raising the objections of prescription, peremption, and no cause of action; the trial court proceeded to hear arguments on the State's motion for summary judgment. At the conclusion of the hearing, the trial court granted the State's motion for summary judgment.

---

[5] See La. C.C.P. art. 966(D)(2) ("The court shall consider all objections prior to rendering judgment. The court shall specifically state on the record or in writing which documents, if any, it held to be inadmissible or declined to consider.").

5

The trial court signed a judgment in accordance with its oral ruling on September 17, 2021, granting the State's motion for summary judgment and rendering judgment in favor of the State and against the Alcindors in the amount of $30,000.00, together with legal interest from the date of judicial demand, January 15, 2020, until paid, plus $750.00 in attorney fees, and all costs of the proceedings. The trial court provided written reasons for ruling on October 19, 2021. As to the Alcindors' peremptory exceptions, on each of the proposed orders to set the exceptions for hearing,[6] the trial court handwrote "Rule to Show Cause Denied. Exception not considered." and indicated that the State's motion for summary judgment was granted in open court on August 12, 2021. The Alcindors now appeal.[7]

## LAW AND DISCUSSION

When an unrestricted appeal is taken from a final judgment, the appellant is entitled to seek review of all adverse interlocutory judgments prejudicial to him, in addition to the review of the final judgment. **Judson v. Davis**, 2004-1699 (La. App. 1st Cir. 6/29/05), 916 So.2d 1106, 1112, writ denied, 2005-1998 (La. 2/10/06), 924 So.2d 167. In conjunction with their appeal of the trial court's September 17, 2021 judgment, the Alcindors also seek review of the trial court's denial of their peremptory exception raising the objections of prescription, peremption, and no cause of action. In their first assignment of error on appeal, the Alcindors argue that the trial court erred in failing to hold a hearing and rule on their peremptory exceptions prior to deciding the State's motion for summary judgment. We agree.

---

[6] See La. Dist. Court Rules, Rule 9.8 ("All…motions…shall be accompanied by a proposed order requesting that the…motion be set for hearing.").

[7] The Alcindors filed a supervisory writ application with this court, seeking review of the trial court's decision that overruled their peremptory exception urging peremption. This court granted the Alcindors' writ application with an order remanding the case for the limited purpose of instructing the trial court to grant the Alcindors an appeal of the September 17, 2021 judgment, so the Alcindors could seek review of any adverse interlocutory ruling in conjunction with an appeal of the final judgment. See **State v. Stewart**, 2021-1372 (La. App. 1st Cir. 2/14/22), 2022 WL 444399 (unpublished writ action). Thereafter, the Alcindors filed a motion for a devolutive appeal on March 11, 2022. The trial court signed an order of appeal on March 21, 2022, notice of which was transmitted by the Clerk of Court to the parties on March 25, 2022.

Article 921 of the Louisiana Code of Civil Procedure states in part that "[a]n exception is a means of defense...used by the defendant...to...defeat the demand brought against him." The function of the peremptory exception is to have a plaintiff's action declared legally nonexistent, or barred by effect of law; hence, a peremptory exception tends to dismiss or defeat the action. La. C.C.P. art. 923. The peremptory exception may be pleaded at any stage of the proceeding in the trial court prior to a submission of the case for a decision. La. C.C.P. art. 928. Louisiana Code of Civil Procedure article 929(B) provides that if a peremptory exception is filed after the answer, but at or prior to trial of the case, it shall be tried and disposed of either in advance of or on the trial of the case.

A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. **Naquin v. Louisiana Power & Light Co.**, 98-2270 (La. App. 1st Cir. 3/31/00), 768 So.2d 605, 607, writ denied, 2000-1741 (La. 9/15/00), 769 So.2d 546. The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966(A)(2); **Naquin**, 768 So.2d at 607.[8]

Here, the Alcindors filed an answer; then, the State filed a motion for summary judgment, which if granted, would have disposed of its entire case against the Alcindors. Thereafter, the Alcindors filed their peremptory exceptions. Because the Alcindors filed an answer prior to filing the peremptory exceptions, the provisions of La. C.C.P. art. 929(B) are triggered. Accordingly, the trial court was required to rule on the Alcindors' peremptory exceptions prior to or at a trial on the merits of the State's motion for summary judgment. See La. C.C.P. art. 929(B); see

---

[8] Appellate courts review summary judgments *de novo*, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. **Bozarth v. State LSU Medical Center/Chabert Medical Center**, 2009-1393 (La. App. 1st Cir. 2/12/10), 35 So.3d 316, 323. The motion should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3) and (4); **Bozarth**, 35 So.3d at 323.

7

also, *e.g.*, **Tanner v. Morgan**, 2018-1719 (La. App. 1ˢᵗ Cir. 7/10/19), 280 So.3d 1237; **Breen v. Breen**, 2018-1322 (La. App. 1ˢᵗ Cir. 12/26/18), 2018 WL 6818902, at *1 (unpublished writ action); **Williams v. Genuine Parts Co.**, 2014-0857 (La. App. 1ˢᵗ Cir. 1/8/15), 2015 WL 127974, at *4 (unpublished).[9] A hearing or trial of an exception (other than the exception of no cause of action) is just that—a trial at which competent, relevant evidence should be presented for the trier of fact's consideration. See La. C.C.P. arts. 930, 931. **Kirby v. Field**, 2004-1898 (La. App. 1ˢᵗ Cir. 9/23/05), 923 So.2d 131, 137 n.8, writ denied, 2005-2467 (La. 3/24/06), 925 So.2d 1230.

Therefore, we must reverse the trial court's orders denying the Alcindors' peremptory exceptions; reverse the trial court's September 17, 2021 judgment granting the State's motion for summary judgment; and remand this matter to the trial court with instructions to conduct a trial on the Alcindors' peremptory exceptions in advance of, or, at a trial on the merits of the State's motion for summary judgment.[10]

## DECREE

We reverse the trial court's August 13, 2021 orders, which overruled the peremptory exceptions raising the objections of prescription, peremption, and no

---

[9] See also **Tanner v. Morgan**, 2018-1719 (La. App. 1ˢᵗ Cir. 7/10/19), 280 So.3d 1237, 1238 (when defendant-in-reconvention asserted peremptory exceptions of no cause of action and no right of action *in his answer*, trial court erred in failing to conduct a hearing on the exceptions prior to the hearing on the merits of defendants' motion for partial summary judgment as mandated by La. C.C.P. art. 929(A)). But compare **State v. Zanders**, 2021-0336 (La. App 1ˢᵗ Cir. 12/22/21), 339 So.3d 1194, 1199, a similar Road Home case wherein this court held that the trial court did not err by declining to hold a hearing on the peremptory exceptions of prescription and peremption prior to ruling on the merits of the State's motion for partial summary judgment. **Zanders** is distinguishable from the instant case, however, because the record in **Zanders** clearly established that the trial court consider the defendants' arguments on prescription and peremption (prior to hearing arguments on the motion for partial summary judgment), and found those arguments to be without merit. "Based on these unique facts and circumstances, we find no error by the district court ruling on the motion for summary judgment without first having a hearing on the exceptions." **Id.**

[10] We pretermit discussion of the Alcindors' remaining assignments of error.

cause of action filed by the defendants, Michelle Alcindor, a/k/a Michelle Stewart, and Raymond Alcindor, a/k/a Raymond Marc Stewart.

We reverse the trial court's September 17, 2021 judgment, which granted a motion for summary judgment and rendered judgment in favor of the State of Louisiana, through the Division of Administration, Office of Community Development - Disaster Recovery Unit, and against Michelle Stewart and Raymond Alcindor, a/k/a Raymond Marc Stewart, in the amount of $30,000.00, together with legal interest from the date of judicial demand, January 15, 2020, until paid, plus $750.00 in attorney fees, and all costs of the proceedings.

We remand this matter to the trial court with instructions to conduct a trial on the Alcindors' peremptory exceptions in advance of, or, at a trial on the merits of the State's motion for summary judgment.

**REVERSED AND REMANDED WITH INSTRUCTIONS.**