870 So.2d 1171 (2004)
John LOFORTE and Arnold York
v.
WAYNE ESTAY SHRIMP CO., INC. and Audubon Insurance Company.
No. 03-CA-1367.
Court of Appeal of Louisiana, Fifth Circuit.
April 27, 2004.
Rehearing Denied May 14, 2004.
James E. Shields, Sr., Gretna, LA, for Appellants, John Loforte and Arnold York.
David M. Cambre, Metairie, LA, for Appellee, Wayne Estay Shrimp Co. and Audubon Insurance Group.
Panel composed of Judges JAMES L. CANNELLA, MARION F. EDWARDS and SUSAN M. CHEHARDY.
SUSAN M. CHEHARDY, Judge.
John Loforte and Arnold York appeal the trial court's grant of summary judgment in favor of Wayne Estay Shrimp Company and Audubon Insurance Group. For the following reasons, we reverse and remand.
According to the record, Loforte and York were fishing during the Caminada Red Fish Rodeo from a dock owned by Wayne Estay Shrimp Company ("Estay Shrimp") in late 2001 or early 2002. According to the petition, Loforte was walking along Estay Shrimp's dock in Grand Isle when several of the deck boards gave way, causing Loforte to fall through the *1172 dock into the water. Loforte alleges that he received severe injuries as a result of his fall. Further, York alleges that he was also injured that day when an adjacent area of deck boards broke away while he was attempting to rescue Loforte.
Loforte and York filed a petition for damages on January 28, 2002, naming Estay Shrimp and its insurer, Audubon Insurance Group, as defendants. Estay Shrimp and Audubon Indemnity Company ("Audubon") timely answered the petition. In their answer, Estay Shrimp and Audubon denied the allegations of Loforte and York's petition and asserted affirmative defenses, including immunity pursuant to the Recreational Use Statutes, La. R.S. 9:2791 and La. R.S. 9:2795.
On February 26, 2003, Estay Shrimp and Audubon filed a motion for summary judgment, asserting immunity pursuant to the Recreational Use Statutes. Loforte and York opposed the motion, averring that the statute does not apply. On April 11, 2003, defendants' motion for summary judgment was heard. The trial judge then took the matter under advisement but rendered judgment, granting defendants' motion for summary judgment, later that day. Notice of judgment was issued on September 22, 2003. Loforte and York filed a timely appeal.
On appeal, Loforte and York assert that the trial court erred in granting Estay's motion for summary judgment on the grounds that the Recreational Use Statutes grant Estay immunity in this case. A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).
Summary judgments are reviewed de novo on appeal. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 750. An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover-appellant is entitled to judgment as a matter of law. Id. Facts are material when their existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. Id. at 751.
La. R.S. 9:2791(A) provides:
An owner, lessee, or occupant of premises owes no duty of care to keep such premises safe for entry or use by others for hunting, fishing, camping, hiking, sightseeing or boating or to give warning of any hazardous conditions, use of, structure or activities on such premises to persons entering for such purposes. If such an owner, lessee or occupant give permission to another to enter the premises for such recreational purposes he does not thereby extend any assurance that the premises are safe for such purposes or constitute the person to whom permission is granted one to whom a duty of care is owed, or assume responsibility for or incur liability for any injury to persons or property caused by any act of person to whom permission is granted.
La. R.S. 9:2795(B) provides:
(1) Except for willful or malicious failure to warn against a dangerous condition, use, structure, or activity, an owner of land, except an owner of commercial recreational developments or facilities, who permits with or without charge any person to use his land for recreational purposes as herein defined does not thereby:

*1173 (a) Extend any assurance that the premises are safe for any purposes.
(b) Constitute such person the legal status of an invitee or licensee to whom a duty of care is owed.
(c) Incur liability for any injury to person or property caused by any defect in the land regardless of whether naturally occurring or manmade.
(2) The provisions of this Subsection shall apply to owners of commercial recreational developments or facilities for injury to persons or property arising out of the commercial recreational activity permitted at the recreational development or facility that occurs on land which does not comprise the commercial recreational development or facility and over which the owner has no control when the recreational activity commences, occurs, or terminates on the commercial recreational development or facility.
In Keelen v. State, Department of Culture, Recreation and Tourism, 463 So.2d 1287, 1290 (La.1985), and Ratcliff v. Town of Mandeville, 502 So.2d 566, 567 (La. 1987), the Louisiana Supreme Court developed a three-part test to determine whether a landowner is immune from liability pursuant to La. R.S. 9:2791 and/or La. R.S. 9:2795. First, the land upon which the injury occurs must be undeveloped, nonresidential, and rural or semi-rural. Second, the injury itself must be the result of recreation that can be pursued in the "true outdoors." Third, the injury-causing instrumentality must be of the type normally encountered in the "true outdoors" and not of the type usually found in someone's back yard.
Here, Loforte and York contend that Estay Shrimp is not entitled to immunity because the dock upon which Loforte and York's injuries occurred was and is the site of a retail and wholesale business for profit, which precludes the property's owner from asserting immunity under the Recreational use statutes. Further, Loforte and York contend that the property is not an undeveloped, nonresidential rural or semi-rural land area. Because we conclude that there are unresolved material issues of fact, we reverse the grant of summary judgment in favor of Estay Shrimp and Audubon. Specifically, there are genuine disputes as to whether the area is undeveloped and rural or semi-rural.
In support of their motion for summary judgment, Estay Shrimp and Audubon offered the affidavit of Wayne Estay. According to Estay, he operates a commercial "shipping outlet" on property in Grand Isle, Louisiana owned by Estay Shrimp Company. Estay admits that there are numerous piers on Estay Shrimp's property. He also states that Estay Shrimp does not charge recreational fisherman for use of its piers. He finally states that Loforte and York were not charged a fee for fishing from Estay Shrimp's piers.
However, in opposition to the motion, Loforte and York offered photographic exhibits to support their contention that the area is developed and not rural or semi-rural. The photographs indicate that the property including the pier in question supports a large, commercial seafood business that located within the city limits of Grand Isle, Louisiana near a large church. Thus, there is a question of whether the defendants have demonstrated that the property in question is undeveloped, nonresidential, and rural or semi-rural as required to qualify for immunity under the Recreational Use Statutes.
For the foregoing reasons, the grant of summary judgment in favor of Wayne Estay *1174 Shrimp Company and Audubon Indemnity Company is reversed. This matter is remanded to the trial court for further proceedings consistent with this opinion. All costs of this appeal are assessed to Estay Shrimp and Audubon Indemnity Company.
REVERSED AND REMANDED.