NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-168 consolidated with 06-1384

CHAD PERRY

VERSUS

UNITED STATES SPECIALITY SPORTS ASSOC., ET AL.

**********
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20050321
HONORABLE GLENNON P. EVERETT, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Oswald A. Decuir, and Michael G. Sullivan, Judges.

AFFIRMED.

Jerry Joseph Falgoust
Dauzat, Falgoust, Caviness
P. O. Box 1450
Opelousas, LA 70571-1450
Telephone: (337) 942-5811
COUNSEL FOR:
        Secondary Defendants/Appellants - The City of Carencro and/or
        The City of Carencro Recr. Dept., and Glenn Brasseaux

James E. Shields
Shields & Shields
30 New England Court
Gretna, LA 70053
Telephone: (504) 368-2404
COUNSEL FOR:
        Plaintiff/Appellant - Chad Perry

**Michael J. Remondet, Jr.**
**Riley J. Busenlener**
**Jeansonne & Remondet**
**P. O. Box 91530**
**Lafayette, LA 70509**
**Telephone:  (337) 237-4370**
**COUNSEL FOR:**
      **Defendants/Appellees - United States Speciality Sports Association**
      **and Western Surety Company**

**THIBODEAUX, Chief Judge.**

Plaintiff, Chad Perry (Mr. Perry), appeals the judgment of the trial court granting the motions for summary judgment filed by Defendants, United States Specialty Sports Association (USSSA) and the City of Carencro and its Mayor (Carencro), based on recreational immunity and lessor/lessee principles. Mr. Perry's petition for damages based on injuries he received while playing in a softball tournament was dismissed with prejudice. For the following reasons, we affirm the judgment of the trial court.

I.

## ISSUES

Mr. Perry alleges a number of assignments of error. However, this court finds that there are two main issues on appeal:

1.  Did the trial court err in granting USSSA's motion for summary judgment, finding that La.R.S. 9:2798 applied, as did the statutory lessee/lessor relationship outlined in the Louisiana Civil Code, making USSSA immune from liability?

2.  Did the trial court err in granting Carencro's motion for summary judgment, finding that La.R.S. 9:2795 applied, providing Carencro with immunity from liability?

II.

## FACTS

Mr. Perry plays on an amateur softball team. On March 27, 2004, his team was playing in a tournament organized by USSSA, on a field owned by Carencro. Even though he regularly plays third base, Mr. Perry was asked by his coach to pitch. When he stepped out onto the pitcher's mound, he noticed a defect. The area was covered in carpet, but there were holes in the carpet. He believed these

holes might be dangerous, so he reported them to the USSSA umpire assigned to the game.

The umpire then reported Mr. Perry's complaint to a USSSA director. The umpire returned stating that there was nothing that USSSA could do to fix the holes in the carpet. He then informed Mr. Perry that he would either have to play the game on that field, or his team would have to forfeit the game.

Mr. Perry decided to play the game on that field in the condition in which he found it. In the third inning, Mr. Perry pitched to a batter who hit a line drive that was coming directly toward the pitcher's mound. In an effort to lean out of the ball's path, Mr. Perry moved his feet and alleges that the heel of his left foot became caught under one of the holes in the carpeting covering the pitcher's mound. He alleges that his immobility prevented him from moving out of the way of the ball. Nor could he take other evasive measures such as holding up his arms or his softball glove to protect himself from the oncoming ball. The ball hit Mr. Perry in the mouth, knocking out three of his teeth and requiring a visit to the emergency room to place stitches in his lips.

Mr. Perry filed a petition for damages against both USSSA and Carencro, alleging that the condition of the pitcher's mound was the cause of his injuries. He argued that had he not caught his foot on the torn carpeting he would not have fallen directly in the way of the line drive. He asked the trial court to award damages for medical expenses he had incurred, lost wages, and for loss of future earning capacity.

Both USSSA and Carencro filed motions for summary judgment. USSSA claimed that as the lessee of the ballpark, it was not required to make repairs or accept liability for vices or defects in the premises. USSSA also argued that it was

2

immune from liability based on La.R.S. 9:2798, which limits the liability of volunteer sports team officials. USSSA maintained that since its umpire was immune from liability, so was the organization.

Carencro stated that it was immune from liability because the terms of the Louisiana Recreational Immunity Statute, La.R.S. 9:2795, applied to the facts of this case. The trial court granted both motions for summary judgment, dismissing Mr. Perry's petition for damages with prejudice. He timely filed an appeal of both judgments, and the issues have been consolidated into one case in this Court.

III.

## LAW AND DISCUSSION

### Standard of Review

Summary judgments are reviewed by an appellate court using the *de novo* standard of review. *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La. 7/5/94), 639 So.2d 730; *Benoit v. City of Lake Charles*, 05-89 (La.App. 3 Cir. 7/20/05), 907 So.2d 931, *writ denied*, 05-2154 (La. 3/17/06), 925 So.2d 539. Therefore, the appellate court must use the same process the trial court used when evaluating the validity of a motion for summary judgment. The process and the guidelines to use are set forth in La.Code Civ.P. art. 966(B), which states, "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."

> An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover-appellant is entitled to judgment as a matter of law. Facts are material when their

3

existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery.

*Loforte v. Wayne Estay Shrimp Co., Inc.*, 03-1367, p. 2 (La.App. 5 Cir. 4/27/04), 870 So.2d 1171, 1172, *writ denied*, 04-1456 (La. 9/24/04), 882 So.2d 1131 (citations omitted).

The party submitting the motion for summary judgment bears the burden to prove that no genuine issue of material fact exists.

> C. (1) After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.
>
> (2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

La.Code Civ.P. art. 966(C).

If the mover meets that burden of proof, the burden then shifts to the party opposed to the motion for summary judgment "to produce factual support sufficient to establish that they will be able to satisfy their evidentiary burden of proof at trial." *Carrier v. Grey Wolf Drilling Co.*, 00-1335, p. 5 (La. 1/17/01), 776 So.2d 439, 441.

Neither USSSA nor Carencro would have borne the burden of proof at trial on the matter before the court. Therefore, neither of the Defendants has to negate all of the essential elements of Mr. Perry's claim. They instead have to prove that

4

there is an absence of factual support for at least one element that is essential to Mr. Perry's case.

## Defendant USSSA's Motion for Summary Judgment

In its motion for summary judgment, USSSA argued that it was immune from liability based on the fact that it was only the lessee of the allegedly defective playing fields, and therefore not responsible for damages which may have occurred based on vices and defects in the premises. This argument is based on La.Civ.Code art. 2692[1] which, at the time of the accident, stated:

### Art. 2692. Obligations arising from nature of contract

The lessor is bound from the very nature of the contract, and without any clause to that effect:

1. To deliver the thing leased to the lessee.

2. To maintain the thing in a condition such as to serve for the use for which it is hired.

3. To cause the lessee to be in a peaceable possession of the thing during the continuance of the lease.

---

[1] Effective January 1, 2005, Article 2692 was changed. The substance of that article is now embodied in Article 2696, which now reads:

Art. 2696. Warranty against vices or defects

The lessor warrants the lessee that the thing is suitable for the purpose for which it was leased and that it is free of vices or defects that prevent its use for that purpose.

This warranty also extends to vices or defects that arise after the delivery of the thing and are not attributable to the fault of the lessee.

. . . .

This Article restates in part the principles of Articles 2692 and 2695 of the Civil Code of 1870.

Both USSSA and Carencro stipulated to the fact that a lease agreement existed between the two Defendants regarding the March 2004 softball tournament. While the exact lease agreement could not be produced by either, USSSA did produce a sample lease agreement. There was nothing in that sample lease which stated that USSSA would assume the duty to maintain and repair the ballparks that it leases for its tournaments. Under Louisiana law, it is the lessor who bears that responsibility unless the lessees affirmatively agree to take on that responsibility. USSSA met its burden by negating an essential element of Mr. Perry's claim against them. Once it produced evidence that it did not affirmatively take on the lessor's legal duty to maintain the ballfields, the burden of production shifted back to Mr. Perry to show that he could produce evidence that would support his claim that USSSA should have repaired the alleged defect in the pitcher's mound.

No evidence was offered by Mr. Perry to support such a claim. Mr. Perry did not produce any documents, depositions, affidavits, or other evidence to show that he could prove at trial that USSSA was liable for the condition of the ballfield. He merely restated arguments, and tried to blame his lack of evidentiary support on the fact that he did not have enough time to take depositions or gather evidence.

Because USSSA proved that it did not affirmatively assume the responsibility for maintaining the ballfields, and because Mr. Perry did not meet his burden of demonstrating that he could produce evidence at trial that USSSA did take on the liability for the condition of the pitcher's mound, the trial court correctly granted USSSA's motion for summary judgment.

Additionally, USSSA submitted that Mr. Perry's claim against it would fail because its umpires and directors were immune from liability per the Louisiana

6

Recreational Immunity Statutes. In particular, this claim of immunity is based on La.R.S. 9:2798, which states in pertinent part:

> § 2798. Limitation of liability of a volunteer athletic coach, manager, team volunteer health care provider, or official; definitions
>
> A. Except as provided in Subsection B of this Section, no person shall have a cause of action against any volunteer athletic coach, manager, athletic trainer, team volunteer health care provider, or sports team official for any loss or damage caused by any act or omission to act directly related to his responsibilities as a coach, manager, athletic trainer, team volunteer health care provider, or official, while actively conducting, directing, or participating in the sporting activities or in the practice thereof, unless the loss or damage was caused by the gross negligence of the coach, manager, athletic trainer, team volunteer health care provider, or official.
>
> . . . .
>
> C. The receipt of a small stipend or incidental compensation for volunteer services shall not exclude any individual or person, who is otherwise covered, from the limitation of liability provided in Subsection A of this Section.

La.R.S. 9:2798(A) & (C).

USSSA submitted evidence proving that the umpire to whom Mr. Perry first pointed out the alleged defect in the pitcher's mound was a volunteer for USSSA. USSSA did admit that its umpires are paid a stipend of fifteen dollars per game, and submitted evidence of this stipend. The tournament directors also receive a stipend of ten dollars for each team entered in the tournament. USSSA asserted, and Mr. Perry agreed, that these payments are not enough to support a person and therefore could not be considered a salary. These payments meet the definition of "incidental compensation" under La.R.S. 9:2798(C). Therefore, La.R.S. 9:2798 applies, and USSSA's umpire and director are not liable for any injury Mr. Perry sustained.

7

The burden then shifts back to Mr. Perry to show that he could produce evidence proving that the umpire and director were not immune from liability. Mr. Perry produced no evidence, nor did he even argue that any such evidence might be produced at trial, to show that the umpire and director did not meet the elements required to take advantage of the immunity offered by La.R.S. 9:2798. He merely restated the arguments he made in his initial pleadings. That is insufficient to meet his burden of proving that he could produce factual support sufficient to establish that he could meet his evidentiary burden at trial.

Since USSSA met its burden of proving that its umpire and director were immune from liability as per La.R.S. 9:2798, and because Mr. Perry could not meet his burden to produce factual support to the contrary, the trial court correctly granted USSSA's motion for summary judgment based also on immunity from liability under La.R.S. 9:2798.

**Defendant Carencro's Motion for Summary Judgment**

Carencro also claims to be immune from liability based on the recreational immunity statutes. In its case, Carencro claims immunity as the owner of the property used for recreational purposes. The statute governing this claim is La.R.S. 9:2795, which reads as follows:

> § 2795. Limitation of liability of landowner of property used for recreational purposes; property owned by the Department of Wildlife and Fisheries; parks owned by public entities
>
> A. As used in this Section:
>
> (1) "Land" means urban or rural land, roads, water, watercourses, private ways or buildings, structures, and machinery or equipment when attached to the realty.

8

(2) "Owner" means the possessor of a fee interest, a tenant, lessee, occupant or person in control of the premises.

(3) "Recreational purposes" includes but is not limited to any of the following, or any combination thereof: hunting, fishing, trapping, swimming, boating, camping, picnicking, hiking, horseback riding, bicycle riding, motorized, or nonmotorized vehicle operation for recreation purposes, nature study, water skiing, ice skating, roller skating, roller blading, skate boarding, sledding, snowmobiling, snow skiing, summer and winter sports, or viewing or enjoying historical, archaeological, scenic, or scientific sites.

. . . .

B. (1) Except for willful or malicious failure to warn against a dangerous condition, use, structure, or activity, an owner of land, except an owner of commercial recreational developments or facilities, who permits with or without charge any person to use his land for recreational purposes as herein defined does not thereby:

(a) Extend any assurance that the premises are safe for any purposes.

(b) Constitute such person the legal status of an invitee or licensee to whom a duty of care is owed.

(c) Incur liability for any injury to person or property caused by any defect in the land regardless of whether naturally occurring or man-made.

. . . .

(2)(a) The limitation of liability provided in this Section shall apply to any lands, whether urban or rural, which are owned, leased, or managed as a public park by the state or any of its political subdivisions and which are used for recreational purposes.

Carencro submitted evidence to prove that it meets the requirements of coverage under this statute. Carencro showed, and all parties stipulate to the fact,

that Carencro was the owner of the ballpark. Carencro and USSSA provided evidence that Carencro leased the ballpark to USSSA for the recreational purpose of conducting an amateur softball tournament. Carencro submitted enough evidence to show that Mr. Perry could not meet his burden of proving at trial that Carencro was liable to him in damages for his injuries.

The burden then shifted back to Mr. Perry to submit factual support for his contention that he could prove at trial that the recreational immunity statute did not apply to Carencro. Again, Mr. Perry did not submit any facts or evidence into the record to prove that Carencro was not the owner of the ballpark, that the ballfield was not used for recreational purposes, or that the ballfield was a "commercial recreational development or facility" so that it would not be covered by the immunity offered under La.R.S. 9:2795(B)(1). Since Mr. Perry did not meet his burden of proof, the trial court correctly granted Carencro's motion for summary judgment.

We decline Mr. Perry's invitation to re-examine our decision in *Benoit v. City of Lake Charles*, 907 So.2d 931. The facts of this case do not lend themselves to the application of *Benoit*. *Benoit* involved an injury suffered by a person who was at a recreational softball tournament as a patron, not a participant.

IV.

## CONCLUSION

We review motions for summary judgment *de novo*, using the procedures and criteria set forth in La.Code Civ.P. art. 966. Under that article, since both of the Defendants would not have the burden of proof at trial on the matter, we must determine if both USSSA and Carencro submitted evidence sufficient to show that Plaintiff, Mr. Perry, could not prove all elements essential to his case.

10

USSSA submitted evidence to show that it was not liable to Mr. Perry both because it was the lessee of the ballfield, not the lessor or owner, and therefore was not liable for any vices or defects in the leased ballfield under La.Civ.Code arts. 2692 and 2696, and also because its umpire and director were immune from liability based on the correct application of La.R.S. 9:2798. Mr. Perry did not meet his burden of submitting facts sufficient to show that he could indeed prove his case at trial. The motion for summary judgment submitted by USSSA was correctly granted.

Carencro submitted evidence which proves that it is the owner of the recreational facility on which Mr. Perry was injured. Based on this proof, Carencro's evidence shows that it is immune from liability under La.R.S. 9:2795. Mr. Perry again failed to show that he could submit factual support for his claim that Carencro was liable to him for his injuries. Therefore, the motion for summary judgment submitted by Carencro was also correctly granted.

All costs of this appeal are cast to Plaintiff, Chad Perry.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules—Courts of Appeal.